The Honorable

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INVENTIST, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NINEBOT, INC. (USA) D/B/A NINEBOT U.S., INC.; NINEBOT (TIANJIN) TECHNOLOGY CO., LTD; NINEBOT, INC (China);<br><br>　　　　　　　　　　　　Defendants. | No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT |

Plaintiff Inventist, Inc. ("Inventist"), states the following facts in support of its Complaint against Defendants Ninebot U.S., Inc. ("NinebotUS"), Ninebot (Tianjin) Technology Co. Ltd. ("Ninebot"), Ninebot, Inc. ("Ninebot Inc."), and Segway, Inc. ("Segway") (collectively "Ninebot Defendants" or "Defendants") for infringement of U.S. Patent No. 8,807,250 ("the '250 Patent") entitled "Powered Single-Wheeled Self-Balancing Vehicle for Standing User."

## THE PARTIES

1.　　Inventist is a corporation organized and existing under the laws of Washington and having its principal place of business in Camas, Washington. Inventist manufactures and sells certain personal transporters under the "Solowheel" name.

2.　　On information and belief, NinebotUS is a corporation organized and existing under the laws of Delaware with its headquarters in Livingston, New Jersey.

COMPLAINT FOR PATENT INFRINGEMENT - 1
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400   FAX (206) 447-9700

51541955.1

3. On information and belief, Ninebot is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at Building 9, Jiasuqi, Tianrui Rd Science and Technology Park Center, Auto Industrial Park, Wuqing, Tianjin, China.

4. On information and belief, Ninebot Inc. is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at A1Building, ZGC DongSheng Science Park, 66 Xixiaokou Rd., Haidian District, Beijing, China.

5. On information and belief, Ninebot, Inc. manufactures and sells certain personal transporters, including the "Ninebot One."

6. NinebotUS advertises it is the exclusive United States distributor for Ninebot Inc. products and, on information and belief, acts as Ninebot Inc.'s agent in the United States.

7. On information and belief, NinebotUS, Ninebot Inc., and Ninebot are related corporate entities, share common corporate ownership, and all have involvement with the "Ninebot" brand of personal transporters, including the "Ninebot One" product at issue in the present case. Inventist believes the relationship between these Parties will become clearer during the course of discovery.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. The Ninebot Defendants are subject to personal jurisdiction in this District because they have conducted and do conduct business within the United States and Washington. Directly or through intermediaries, they ship, distribute, sell, offer for sale, and advertise products that infringe the patent claims involved in this action in this District.

10. The Ninebot Defendants have availed themselves of the privileges of conducting business in this District by shipping infringing products into this District with the awareness or

COMPLAINT FOR PATENT INFRINGEMENT - 2
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

51541955.1

intent that they will be purchased by consumers in this District.

11. NinebotUS acts as the U.S. distributor for Ninebot branded products and directly imports into and sells infringing items in this district. Ninebot Inc. advertises that it is the corporate parent and/or manufacturer for NinebotUS products. Ninebot also states that it manufactures personal transporters under the "Ninebot" brand name including the accused Ninebot One.

12. Additionally, Ninebot acquiesced to jurisdiction and venue in this District in another patent case involving Inventist by agreeing to transfer a currently stayed Delaware case to this District in the event the stay is lifted.

13. On information and belief, Ninebot and/or Ninebot Inc. own and operate the NinebotUS website, from which "Ninebot" products are offered for sale and sold in the United States (among various other sales channels).

## BACKGROUND FACTS

14. Shane Chen conceived of and invented the '250 Patent in Camas, Washington.

15. Mr. Chen is an inventor whose efforts focus on inventing new sports-related products, including the Solowheel, Hovertrax, and AquaSkipper.

16. After full and fair examination, the '250 Patent issued on August 19, 2014.

17. The '250 Patent is assigned to Inventist, Inc., a small company owned and operated by Mr. Chen and his family.

18. The '250 Patent is commercially embodied in Inventist's Solowheel product, a version of which is seen below:


COMPLAINT FOR PATENT INFRINGEMENT - 3
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

51541955.1

19. Upon its introduction in 2014, the Solowheel garnered much attention and praise for its innovative design and functionality as a new fun and compact personal transportation device.

20. Inventist, Mr. Chen, and the Solowheel were also featured in many news outlets regarding the innovative approach to personal transportation that Mr. Chen invented.

21. On information and belief, NinebotUS and Ninebot Inc. were previously sued for making and selling products that allegedly infringed Segway's patents and copyrights and falsely claiming that they were a licensee of Segway. On information and belief, during that lawsuit the Ninebot Defendants received an influx of capital and resolved the case by simply purchasing Segway.

22. "Ninebot" branded products including the "Ninebot One" pictured below:



23. Ninebot and Inventist are also well known to each other. Inventist and its products are subject to multiple other suits by Ninebot in the United States.

24. Additionally, Ninebot and Mr. Chen have been involved in patent litigation in China, including similar technology to that asserted here. This includes Mr. Chen prevailing in Chinese court against Ninebot's infringement in China.

**COUNT I: INFRINGEMENT OF THE '250 PATENT**

25. Inventist re-alleges, as if fully set forth herein, the facts contained in Paragraphs 1-24.

26. On information and belief, Defendants have been, and are now directly, infringing the '250 Patent by making, using, selling, and/or offering for sale in the United States and/or

COMPLAINT FOR PATENT INFRINGEMENT - 4
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400   FAX (206) 447-9700

51541955.1

1 | importing into the United States the Ninebot One line of personal transporters.

2 | 27. The Ninebot One infringes at least Claim 1 of the '250 Patent.

3 | 28. The Ninebot One is a single wheeled electric device, making it a powered
4 | unicycle.

5 | 29. The Ninebot One has a single wheel that rotates around a vertical axis to travel
6 | forward and backward from that axis and does not have a seat.



30. The Ninebot One also includes a motor which powers the movement of the device and can be replaced by replacement motors sold by the Ninebot Defendants.

31. The Ninebot One also includes fore aft balance control which controls the motor by causing the Ninebot One to increase or decrease speed based on the direction the user leans.

32. The Ninebot One also includes two foot platforms on either side of the device on which the user stands. These foot platforms are located toward the bottom of the device and are thus below the axis of rotation of the wheel.

33. The Ninebot One includes surfaces toward the top of the device that are contacted by the side of the user's leg below the knee of the user when the user stands on the foot platforms using the device, but do not encircle the user's legs. Instead they simply form points of contact between the user's legs and the body of the Ninebot One.

34. These leg contact surfaces do not extend as far in direction – from the center plane – as the perpendicular foot platforms found below the leg contact surfaces.

35. Based on the foregoing, the Ninebot One infringes at least Claim 1 of the '250

COMPLAINT FOR PATENT INFRINGEMENT - 5
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

51541955.1

Patent.

## PRAYER FOR RELIEF

WHEREFORE, Inventist respectfully requests this Court to:

A. Enter judgment that the '250 Patent was duly and legally issued, is valid, enforceable, and has been infringed by Defendants;

B.. Issue a permanent injunction restraining Defendants, their directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates, and all persons acting in privity, concert, or participation with any of the above from the continued infringement of the '250 Patent;

D. Award Inventist damages, in an amount to be determined at trial, together with interest and costs as fixed by this Court;

E. Declare this case exceptional and grant Inventist its reasonable attorneys' fees under 35 U.S.C. § 285;

F. Grant Inventist such other and further relief as this Court deems just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Inventist requests a trial by jury of any issues so triable by right.

DATED this 4th day of August, 2016.

FOSTER PEPPER PLLC

*s/Joel B. Ard*
Joel B. Ard, WSBA #40104
*s/Benjamin J. Hodges*
Benjamin J. Hodges, WSBA #49301

1111 Third Avenue
Suite 3000
Seattle, WA  98101
T: 206-447-4400 / F: 206-749-1940
Email: joel.ard@foster.com,
ben.hodges@foster.com
*Attorneys for Plaintiff Inventist, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT - 6
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

51541955.1