The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| SOLOWHEEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> NINEBOT INC (USA), D/B/A NINEBOT U.S., INC.; NINEBOT (TIANJIN) TECHNOLOGY CO., LTD; NINEBOT INC (China), <br><br> Defendants. | Case No. 3:16-cv-05688-RBL <br><br> **MOTION TO COMPEL DISCOVERY** <br><br> **NOTE ON MOTION CALENDAR: March 8, 2019** |

MOTION TO COMPEL DISCOVERY – 1
Case No. 3:16-cv-05688-RBL

## I.   INTRODUCTION & SUMMARY OF ARGUMENT

Pursuant to Fed. R. Civ. P 37 and LCR7(d)(3), Plaintiff Solowheel, Inc, ("Solowheel") respectfully submits this Motion to Compel Defendant Ninebot (Tianjin) Technology Co., LTD ("Ninebot") to remedy Ninebot's ongoing refusal to comply with its discovery obligations under the Federal Rules of Civil Procedure.

Solowheel served discovery on Ninebot more than 14 months ago. [1] Ninebot responded to Solowheel's requests by promising to produce documents and promising to give further detailed responses – over one year ago. Despite having over a year to produce, and despite Solowheel's repeated requests, Ninebot refuses to produce any documents that are not otherwise publicly available.

## II.  FACTUAL BACKGROUND

**A.   Ninebot Provided Boilerplate Objections and Insufficient Responses.**

This dispute arose as a result of Ninebot's past and present infringement of Solowheel's patents related to electric unicycles.

On November 20, 2017, Solowheel served Ninebot with 75 Requests for Production (Hodges Decl. Exhibit A) and 13 Interrogatories (Hodges Decl. Exhibit B). After Solowheel granted Ninebot a 30 day extension to respond, Ninebot responded on January 8, 2018, with its initial responses to the Requests for Production (Hodges Decl. Exhibit C) the Interrogatories (Hodges Decl. Exhibit D).

Ninebot's discovery responses amount to boilerplate objections, and various promises to produce information less than what was requested. Hodges Decl. at ¶ 6. Ninebot did include production of 450 pages of documents. These documents are the file history of the '250 Patent, various patents and patent publications pulled from publically available USPTO sources (public

---

[1] The discovery requests at issue are attached to the Declaration of Benjamin J. Hodges in Support of Plaintiff Solowheel's Motion To Compel ("Hodges Decl.").

MOTION TO COMPEL DISCOVERY – 1
Case No. 3:16-cv-05688-RBL

PAIR) screen shots from Ninebot's website, and screen shots from eBay displaying the search results for "electric unicycle." Hodges Decl. ¶ 7. Ninebot did not produce *any* internal correspondence, technical specifications for any product, documents related to Mr. Shane Chen, Inventist, or Solowheel, or any sales/financial data for the Accused Products. Hodges Decl. at ¶¶ 6-7. In fact, the January 2018 production does not include a single non-public document. Hodges Decl. at ¶ 7. Further, Ninebot's responses to Solowheel's Interrogatories repeatedly state that Ninebot will produce responsive documents to satisfy Solowheel's questions, but Ninebot has failed to provide these allegedly sufficient documents.

**B.   Ninebot Has Failed To Supplement Its Insufficient Responses And Document Production Despite Repeated Requests.**

Solowheel amended its complaint on March 7, 2018 to include additional claims and additional Ninebot products. Ninebot has not supplemented any of its discovery responses or production in light of the new counts in the Amended Complaint. Hodges Decl. at ¶ 8.

For months, the Parties diligently pursued settlement discussions, but ultimately it became clear that settlement would not be possible, particularly without sales information to discuss a possible license. Thus, on September 21, 2018, counsel for Solowheel and Ninebot met and conferred, and counsel for Solowheel informed Ninebot that a letter highlighting the insufficiency of Ninebot's discovery would be forthcoming. Hodges Decl. at ¶ 9.

On September 28, 2018, counsel for Solowheel sent that letter to counsel for Ninebot detailing numerous deficiencies in Ninebot's production. Hodges Decl. at ¶ 10. The letter suggested the parties meet and confer, and requested a response by October 8, 2018. Hodges Decl. at ¶ 10; Hodges Decl. Exhibit E.

On October 8, 2018, Ninebot responded that it needed more time to respond to Solowheel's letter, despite having 10 days, and that it would be producing "some" sales documents. Hodges Decl. at ¶ 11. Hodges Decl. Exhibit F.

MOTION TO COMPEL DISCOVERY – 2
Case No. 3:16-cv-05688-RBL

On October 9, 2018, Ninebot stated that it could not produce these documents, since no protective order was in place. After various attempts at agreeing to Protective Order failed, and Ninebot continued to fail to produce or supplement, Solowheel informed Ninebot that given Ninebot's continued dodging of discovery, Solowheel would be filing this Motion to Compel as well as a Motion for Protective Order. Hodges Decl. at ¶ 13. This exchange is attached as Exhibit G to the Hodges Decl.[2]

On October 31, 2018, over a month after Ninebot received Solowheel's letter, and only after repeated requests from Solowheel, Ninebot responded with its own letter. Hodges Decl. at ¶ 14. No production accompanied the letter. In its response, Ninebot made excuses regarding its delays, blamed Solowheel for failing to threaten Ninebot sooner, ignored case law cited by Solowheel without citing any in response, and disputed its obligation to supplement its discovery. This letter is attached as Exhibit H.

### III. LOCAL RULE 37 CERTIFICATION

Counsel for Solowheel and Ninebot conferred in an effort to resolve the issues addressed in this motion but were unable to resolve the dispute contained in this motion.

### IV. ARGUMENT

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (effective December 1, 2015). If requested discovery is not provided, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1), LCR 37. Under the liberal discovery principles of the Federal Rules, the party resisting discovery bears a heavy burden of showing why discovery should be denied. *See Blankenship v. Hearst*, 519 F.2d 418, 429 (9th Cir. 1975).

---

[2] As Ninebot continues to refuse to respond on the Protective Order, Solowheel is contemporaneously filing a Motion for Protective Order.

MOTION TO COMPEL DISCOVERY – 3
Case No. 3:16-cv-05688-RBL

Despite Solowheel's efforts, Ninebot will not participate in discovery without judicial intervention. In the more than fourteen months since Solowheel initially served Ninebot with discovery requests, and the year since Ninebot responded, Ninebot has failed to produce a single non-public document and failed to substantively respond to 6 of the 12 Interrogatories. Ninebot is currently hiding behind the protective order issue in an attempt to further delay, however, even were a protective order in place, and were Ninebot to produce the miniscule subset of documents it promised in its October 31, 2018 letter, that would still be insufficient. The protective order issue does not address the many improper objections that Ninebot is using to artificially narrow the production (which still hasn't occurred), it does not adequately address the completely improper Interrogatory responses, and it does not address Ninebot's refusal to supplement.

**A.      Solowheel's RFPs and ROGs are Appropriately Specific.**

Solowheel served Ninebot with discovery requests based on the specifics of this case. Solowheel's RFPs seek: relevant internal correspondence, Accused Product histories and development background, technical specifications for any Accused Product, knowledge of Solowheel's patents and products, efforts in design around, any documents related to Mr. Chen, Inventist, or Solowheel, sales/financial data of the Accused Products, and other information about Ninebot's products relevant to claim construction, infringement, and damages. These types of documents are necessary in any litigation, and especially necessary in patent litigation, where infringement, or damages all may turn on non-public information.

Solowheel further narrowed its requests through the use of defined terms. For example, Solowheel limited the majority of its requests to "Accused Products." Hodges Decl. Ex. A at 5. This definition was tailored to the particular products identified by Solowheel and the specific

MOTION TO COMPEL DISCOVERY – 4
Case No. 3:16-cv-05688-RBL

patents at issue to include only "single wheel personal transport product or system, or component thereof, developed, marketed, or sold by Ninebot, including at least the Ninebot One." *Id*.

**B.   Despite Solowheel's Appropriate RFPs and ROGs, Ninebot Failed to Participate in Discovery.**

Ninebot made its position clear that it believes that "[Ninebot's] responses were complete and correct when drafted." Hodges Decl. Ex. H at 2. As discussed below, Ninebot's responses were incomplete when drafted, and have only become more incomplete after the Amended Complaint and the additional patents added therein.

**1.   Ninebot has Failed to Actually Produce *Any* Documents – Even Where it Promised to Produce.**

Ninebot promised production for at least Requests for Production Nos. 4-18, 20-21, 24-27, 29-32, 34-37, 39-40, 42, 44, 46, 48-52, 54-59, 62, 63, and 67-69. Ninebot had considerable objections even to these Requests, but under its "General Considerations 4," Ninebot specifically stated "Unless specifically recited otherwise, no responsive materials are being withheld on the basis of the objections stated." Despite its promises and considerations, Ninebot has not produced even a single responsive document for any these requests.

Further, Ninebot often promised to produce documents different than requested, or promised only a small subset of the requested documents. For instance, Solowheel's RFP No. 10 asks for: "All documents and things concerning **any single wheel personal transporter or electric unicycles, licensed, manufactured, tested, used, sold and/or offered for sale by Ninebot**." Hodges Decl. Ex. A at 9. In its response, Ninebot promised to produce only those documents "relating to the accused Ninebot One products depicted in the [original] Complaint." Hodges Decl. Ex. C at 10-11.  This promised production is much narrower than the request. It is

MOTION TO COMPEL DISCOVERY – 5
Case No. 3:16-cv-05688-RBL

improper to produce less than what Solowheel requested and Ninebot should produce fully, not an arbitrarily limited subset of the documents that has no proper basis in objections. Fed. R. Civ. P. Rule 34 (The response must provide access to the information requested).

Ninebot also promised to produce documents sufficient to answer Interrogatory Nos. 2, 3, 4, 7, 8, and 9. For example, Ninebot's answer to Interrogatory No. 2 that "Ninebot will provide a sales Document that demonstrates the sales in the US of the accused Ninebot One products . . .," is insufficient. Hodges Decl. Ex. D at 9. A Fed. R. Civ. P. 33(d) answer cannot be prospective and must include identification of a specific a document, or documents, with the requested information. Ninebot failed to include or particularly identify any documents with its responses.

In place of a narrative response, Fed. R. Civ. P. 33(d) allows the responding party to produce, and identify by specific Bates number, the applicable responsive documents to these Interrogatories. *In re Fresh & Process Potatoes Antitrust Litig.,* No. 4:10-md-02186-BLW-CWD, 2014 U.S. Dist. LEXIS 12595, at *20-21 (D. Idaho Jan. 31, 2014) (Defendants are required by Fed. R. Civ. P. 33(d) to identify, by Bates number and by search terms used to locate them, the responsive documents within the searchable database responsive to Interrogatory 1, and to ensure that Plaintiffs have sufficient explanation regarding the documents so that Plaintiffs may review and extract the necessary information); *Behrouz Shokri v. The Boeing Co., No. C16-1132 RSM,* 2017 U.S. Dist. LEXIS 162926, at *19 (W.D. Wash. Sep. 29, 2017); *Multimedia Patent Tr. v. DirecTV, Inc.,* No. 09-CV-278-H (CAB), 2011 U.S. Dist. LEXIS 160302, at *10 (S.D. Cal. Mar. 4, 2011) (finding it improper and sanctionable when responses were only "stating that the answers to the interrogatory can be derived from documents, but failed to point to any particular documents or bates numbers").

**2.     Ninebot's Responses Include Meritless Objections in an Effort to Avoid Discovery Obligations.**

    **a.     Ninebot's Boilerplate Proportionality Objections are Legally Impermissible.**

Ninebot's most common objection repeats a wholly unsupported rendition of Fed. R. Civ. P. 26(b)(1), claiming that nearly all of Solowheel's Requests are:

> "not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits"

As this Court knows, "[t]he proportionality factor is not 'intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. *Anderson v. Pac. Crane Maint. Co., L.P.*, No. 3:16-cv-05825-RJB, 2017 U.S. Dist. LEXIS 131645, at *1 (W.D. Wash. Aug. 17, 2017).

Ninebot also impermissibly does not provide any facts in support of its boilerplate objections. *Nat'l Union Fire Ins. Co. v. Coinstar, Inc.,* No. C13- 1014-JCC, 2014 U.S. Dist. LEXIS 94578, at *8 (W.D. Wash. July 10, 2014) ("The Court notes that it will generally not credit boilerplate or generic arguments, and expects parties to put forward sufficient facts, law, and analysis to allow the Court to determine whether an argument has merit."); *Choquette v. Warner,* No. 3:15-CV-05838-BHS-JRC, 2017 U.S. Dist. LEXIS 95889, at *4 (W.D. Wash. June 21, 2017) (("[I]t is well established that boilerplate objections do not suffice. Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome.") (internal quotations omitted)).

In addition to lacking factual support, Ninebot deploys this same objection regardless of context. For example, Request 27, asks for:

MOTION TO COMPEL DISCOVERY – 7
Case No. 3:16-cv-05688-RBL

> "[a]ll documents and things concerning Your projections for sales, revenue, and profits associated with the Accused Products,"

Ninebot would have this Court believe that Request 27 is "not proportional to the needs of the case" and that somehow Solowheel enjoys better "relative access" to Ninebot's financials. Sales, revenue, and profit data for accused products is commonly produced and relevant to any damages analysis. This is simply one example of dozens where Ninebot's responses do not square with an honest attempt at participating in the discovery process.

In its responsive October 31, 2018 letter, Ninebot again attempts to skirt this issue, and refuses to withdraw its unfounded objections. First, it ignores the case law provided by Solowheel on the grounds that the FRCPs were updated. Solowheel acknowledges the update and draws the Court's attention to the cases cited *supra* which are (1) after the 2015 revision and explicitly refer to the revision, and (2) directly support the prohibition against boilerplate objections, which was not altered in any way by the 2015 revision. Ninebot's objections remain unsupported boilerplates and are therefore impermissible.

Ninebot's only substantive response is that:

> "sales of Ninebot One series of unicycle products in the US were not significant in the context of the costs and fees with this lawsuit. A reasonable royalty on such sales would be a small fraction of the gross revenue."

This objection is improper for two reasons. First, it is improper to argue that you do not have to properly respond to discovery because, in your unsupported opinion, you do not infringe at scale. Second, and most ironically, Ninebot makes this type of objection while at the same time refusing to produce sales and profit information to allow Solowheel to evaluate the claim. Ninebot also ignores any possibility of willful infringement, or the fact that its infringement is so blatant that this case is clearly exceptional.

MOTION TO COMPEL DISCOVERY – 8
Case No. 3:16-cv-05688-RBL

### b. "Accused Products" is not Vague, Ambiguous or Misleading, Ninebot's Objection is an Attempt to Avoid its Obligations.

In addition to consistently relying on factually unsupported boilerplate objections as discussed above, in nearly every instance, Ninebot also objects because of a purported inability to determine the bounds of the phrase, "accused products," despite Solowheel providing a specific definition:

> "Accused Products" means any single wheel personal transport product or system, or component thereof, developed, marketed, or sold by Ninebot, including at least the Ninebot One."

Hodges Decl. Ex. A at 5. Solowheel's Request is narrowly tailored to cover only products likely to infringe the '250, '698 and/or '081 Patents. Ninebot knows exactly which of its products are "single wheel personal transport products or systems."

Solowheel also identified specific products, first in its definitions, then in its Amended Complaint and Infringement Contentions (both served after Ninebot's discovery responses). Identifying any additional products, beyond those specifically called out in the various pleadings, does not pose a burden on a company that knows its products and has a finite number of products fitting the description of "Accused Products." Further, this information is much easier for Ninebot to access than for Solowheel, especially since, to this point, Ninebot has made sure Solowheel does not have access to any Ninebot documents, including products lists.

Instead of simply responding to Solowheel's requests, Ninebot opted to manufacture its own confusion regarding the definition of "Accused Products." Ninebot states "[t]he Plaintiffs has only accused the 'Ninebot One' product depicted in the Complaint of infringement and, not only is the definition misleading, by encompassing of 'any single wheel personal transport product or system, or component thereof, developed' the request is rendered overly broad and

MOTION TO COMPEL DISCOVERY – 9
Case No. 3:16-cv-05688-RBL

unduly burdensome." Hodges Decl. Ex C at 3. Ninebot's response ignores Solowheel's provided definition of "Accused Products", and instead creates its own definition improperly importing selected limitations from the first Complaint (again Ninebot refuses to supplement its responses in light of the Amended Complaint and the Infringement Contentions), all in an attempt to stall via objection. In addition, Ninebot's objection only references language from the original Complaint. This is moot in light of the Amended Complaint and Solowheel's Preliminary Infringement Contentions, which identify additional specific products and sub-models. At the very least, Ninebot obligation to supplement pursuant to Fed. R. Civ. P. 26(e)(1) requires it produce documents related to the specific products and models identified in the Amended Complaint and Infringement Contentions, which it has not done.

Even ignoring the specific products identified by the Amended Complaint, Preliminary Infringement Contentions and the definition, Solowheel is not limited to requesting discovery on only those products mentioned in the Complaint or Infringement Contentions. Limiting discovery to the products accused is contrary to "the broad and liberal" policy of discovery. *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Indeed, the inherent purpose of discovery would be stymied by limiting all discovery requests to the infringement known by the patent holder before discovery. *Tessera Inc. v. Sony Elecs., Inc.,* No. 10- 0838-RMB-KMW, 2012 U.S. Dist. LEXIS 180771, at *11 (D. Del. Aug. 6, 2012); *see also Epicrealm, Licensing, LLC v. Autoflex Leasing, Inc.*, Nos. 2:05-CV-163-DF-CMC, 2:05-CV- 356-DF-CMC, 2007 U.S. Dist. LEXIS 68784, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007) (refusing to limit discovery only to products specifically named in infringement contentions).

Discovery aimed at single wheel personal transport devices, beyond those already identified in the Amended Complaint and Infringement Contentions, that may infringe the '250 Patent is proportional to the needs of the case. The purpose of discovery is to even the playing field of knowledge, and Ninebot has more knowledge of its product lines than Solowheel.

### V.  Ninebot's Excuses and Responses are Unavailing.

Since Solowheel began to push Ninebot regarding its failure to participate in discovery, Ninebot has been engaged in a constant game of blame-misdirection. For example, in Ninebot's responsive letter, dated October 31, 2018, Ninebot states:

> "While we understand your concern that the production of document has been delayed, **we are surprised to first learn of your complaints to our written responses** to Solowheel's interrogatories and document requests which were served upon you on January 8, 2018 -- more than nine months ago. We have been working on the collection and processing of documents from Ninebot, and these efforts have progressed for several months based **upon the premise that Solowheel had acquiesced to our objections**."

Hodges Decl. Ex. H at 1.  Ninebot would have this Court believe that Ninebot's delay is actually Solowheel's fault, because Solowheel did not respond faster to Ninebot's objections. First, Solowheel's Motion is timely as discovery remains open and there is also no date by which Solowheel was required to respond to Ninebot's objections. Also, Solowheel waited to pursue this formally in the hopes that a reasonable settlement would be found and that an amicable resolution to these issues would be found. Second, Solowheel waited to respond to Ninebot's discovery responses and objections in hopes Ninebot would ultimately produce *something*, and that that information would be enough for Solowheel to proceed even if production was not full.

In addition, many of Ninebot's excuses are completely at odds with the discovery process; for example, Ninebot, in its October 31, 2018 letter, refuses to update its discovery

MOTION TO COMPEL DISCOVERY – 11
Case No. 3:16-cv-05688-RBL

responses in light of the first Amended Complaint, instead arguing that Solowheel changed the definitions when it did not, and contesting that its responses remain complete and correct, which is clearly false. Hodges Decl. Ex. H at 2-3. Any argument that Ninebot's current production and responses are complete and correct is simply inexcusable and serves to demonstrate why Solowheel must now request this Court's assistance.

## VI. Request for Attorney's Fees.

Under Fed. R. Civ. P. 37(a)(5), Plaintiff requests an award of attorney's fees incurred with the present motion. Under the rule, "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion [is] filed—the court must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." *Id*. Such fees may only be denied if (1) there has been a failure to adhere to the conference requirements before making the motion, (2) the opposing party's position "was substantially justified," or (3) other circumstances make an award of expenses unjust. *Id*. Here, Solowheel adhered to the conference requirement, Ninebot's failure to produce for over a year cannot be substantially justified, and such an award would not be unjust. If the Court awards attorney's fees, Plaintiff's counsel will submit declarations in support as directed and instructed by the Court.

## VII.   CONCLUSION

Ninebot is currently infringing multiple Solowheel patents. Ninebot refuses to properly participate in this lawsuit, while continuing to enjoy royalty free sales. Ninebot must participate in discovery. Respectfully, Solowheel requests that this Court enter an Order requiring Ninebot to fully respond to Solowheel's first discovery requests.

1  **Dated:  February 21, 2019**

*Respectfully submitted,*

By: *s/ Benjamin J. Hodges*
Benjamin J. Hodges, WSBA #49301
Kevin Ormiston, WSBA #49835
FOSTER PEPPER PLLC
1111 3rd Avenue, Suite 3000
Seattle, WA 98110
Telephone: (206) 447-4400
Fax: (206) 749-1940
E-mail: Ben.Hodges@foster.com,
Kevin.Ormiston@foster.com

*Counsel for Plaintiff Solowheel, Inc*

MOTION TO COMPEL DISCOVERY – 13
Case No. 3:16-cv-05688-RBL

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Al Van Kampen
Van Kampen & Crowe, PLLC
1001 Fourth Avenue, Ste 4050
Seattle, WA 98154
Email: AVanKampen@VKClaw.com

Cameron H Tousi
IP Law Leaders PLLC
6701 Democracy Blvd., Ste 555
Bethesda, MD 20817
Email: chtousi@ipllfirm.com

By:  *s/ Benjamin J. Hodges*
Benjamin J. Hodges