The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| SOLOWHEEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> NINEBOT INC (USA), D/B/A NINEBOT U.S., INC.; NINEBOT (TIANJIN) TECHNOLOGY CO., LTD; NINEBOT INC (China), <br><br> Defendants. | Case No. 3:16-cv-05688-RBL <br><br> **SOLOWHEEL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER** <br><br> **NOTE ON MOTION CALENDAR:** <br> **March 1, 2019** |

Pursuant to Fed. R. Civ. P 37 and LCR 7(d)(2), Plaintiff Solowheel, Inc, ("Solowheel") respectfully submits this Reply in support of its Motion for a Protective Order (Dkt. #63).

## I.  ARGUMENT

From the beginning Solowheel accepted the vast majority of Ninebot's proposals regarding the protective order to resolve this "dispute," but repeatedly told Ninebot that while it could accept everything else it was only the prosecution bar and source code provisions that were inappropriate. This "dispute" is Ninebot's own making, designed to delay production. This is especially egregious as many of the documents requested, for instance sales information, do no implicate either of the disputed issues in the protective order. Further, contrary to Ninebot's unsupported accusations, Solowheel never suggested the absence of a protective order as preventing Solowheel from producing.[1]

**A.  Meet and Confer Obligations Were Satisfied**

The meet and confer requirement under LCR 26(C) was satisfied. Solowheel's positions with respect to a protective order have been the same for over a year. Solowheel had many discussions and email exchanges with Ninebot, each followed by a prolonged period of silence from Ninebot. Hodges Decl. ISO Motion for a Protective Order at ¶ 3-10. The last was when Solowheel responded to Ninebot on November 28, 2018, and never received a reply. Solowheel warned Ninebot that motions would be forthcoming numerous times, but Ninebot continued to fail to engage. Despite that, Ninebot apparently believes that Solowheel should have continued waiting despite that six months after Ninebot's last responsive discovery letter, which again promised documents that have never materialized, and more than twelve months since Solowheel's first discovery requests, Ninebot is still refusing to comply with discovery.

---

[1] Ninebot's finger pointing regarding Solowheel ignores the facts that: (1) Ninebot has not complained about a lack of production via a formal letter or otherwise (certainly the parties have never met and conferred), and (2) Solowheel told Ninebot that Solowheel is prepared to meaningfully produce but that production should not be one sided.

SOLOWHEEL, INC.'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER – 2
Case No. 3:16-cv-05688-RBL

Solowheel has given Ninebot more than its fair share of opportunities and has met its obligation to meet and confer.

**B.     Solowheel's Source Code Position is Not Controversial – Ninebot Continues to Delay**

Solowheel's position has remained the same, and is straightforward: (1) Ninebot should produce all relevant and responsive documents, and (2) Solowheel does not believe source code needs to be produced at this time, but if Ninebot feels source code is responsive, withhold only source code until the parties can enter into a substantive source code specific protective order that provides more detail and assurance.[2] This should be non-controversial, and is mutually beneficial to the parties. Instead, Ninebot has used this "disagreement" as a means to delay all production, not just source code.

Ninebot's cross motion for a protective order includes a source code provision that is also untimely and unnecessary, as Ninebot has yet to identify source code. Solowheel is happy to restrict all discovery requests to non-source code material. If source code becomes necessary, Solowheel will confer with Ninebot regarding a sufficiently robust source code protective order, again, to the benefit of both parties. Either way, nothing should be preventing production of non-source code documents.

**C.     Ninebot Continues to Ignore the Facts – Any Prosecution Bar is Inappropriate**

It is Ninebot's burden to demonstrate good cause for its requested prosecution bar. *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Ninebot fails to respond to any of the facts continuously articulated by Solowheel or even to be internally consistent with its own prior demands. Further, Ninebot makes no effort to apply the facts in its motion. Ninebot therefore fails to carry its burden.

---

[2] For the sake of clarity, Solowheel's counsel pointed Ninebot to other supplemental source code provisions to protective orders, including provisions in this District, that it, and the Court, have found acceptable. Solowheel is happy to use those previously accepted provisions, though it believes they are not necessary at this time.

SOLOWHEEL, INC.'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER – 3
Case No. 3:16-cv-05688-RBL

**1.     The parties previously litigated for *years* without a prosecution bar**

Ninebot's opposition strikingly does not disagree with Solowheel's assertion that Ninebot's sudden insistence on a prosecution bar is inconsistent with the parties past dealings. The parties have been in possession of each other's confidential information previously without any sort of prosecution bar. In fact, Ninebot had access to Solowheel's source code, and yet, during this time the Parties believed there to be no risk of potential harm. Ninebot also does not address how counsel for Solowheel could have access to Ninebot's prior confidential material without a prosecution bar in prior litigation but would now be subject to a prosecution bar for having access to potentially the same material in this litigation – in addition to being inequitable, it is practically unworkable to try find a distinction between that past and current access. Ninebot's sudden about-face, and combative request for a prosecution bar, let alone the type of one-sided prosecution bar Ninebot suggests, is inappropriate.

**2.     There is no pending prosecution**

Ninebot also does not dispute that none of the patents at issue in this case have any sort of live continuations, so there is not even a need for a prosecution bar. Ninebot failed to make the required showing that patent counsel is currently prosecuting patents in the same subject matter as this case. *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) *citing MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 775 (D. Md. 2003) (refusing to issue a patent prosecution bar order when, among other things, there had been no showing that patent counsel was currently prosecuting patents in the same subject matter of the litigation). Because there are no pending applications, counsel for Solowheel's possible representation of Solowheel

SOLOWHEEL, INC.'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER – 4
Case No. 3:16-cv-05688-RBL

in matters before the PTO does not and is not likely to implicate competitive decision making related to the subject matter of the litigation.[3]

### 3. Prejudice to Solowheel outweighs any supposed risk to Ninebot

A prosecution bar would restrict Solowheel's possible choice of litigation and prosecution counsel in the future, substantially injuring Solowheel. All the while, Ninebot would benefit from the parties past dealings, and would be under no go-forward restriction because Ninebot's proposal only limits Solowheel and its counsel. The prosecution bar currently proposed by Ninebot is completely one sided barring only Solowheel, a fact which Solowheel made clear on November 27, 2018. Hodges Decl. ISO Motion for Protective Order at ¶ 10. Ninebot ignored and never responded to this inequity in November 2018, and continues to ignore it today. Ninebot's one side proposal clearly demonstrates that it believes that its prior possession of Solowheel's documents, and access to Solowheel's source code, does not pose any threat. This double-standard reveals the insincerity of Ninebot's request.

## II. CONCLUSION

Solowheel respectfully asks that this Court enter Solowheel's Proposed Protective Order.

//
//
//
//
//
//

---

[3] Ninebot also fails to make a showing that litigation counsel is even involved with PTO prosecution, because it simply is not at this time. Litigation counsel at this time is only involved with Solowheel at the PTO for post-grant proceedings including re-issue of unrelated patents.

SOLOWHEEL, INC.'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER – 5
Case No. 3:16-cv-05688-RBL

1  Dated: March 1, 2019

*Respectfully submitted,*

By: *s/ Benjamin J. Hodges*
Benjamin J. Hodges, WSBA #49301
Kevin Ormiston, WSBA #49835
FOSTER PEPPER PLLC
1111 3rd Avenue, Suite 3000
Seattle, WA 98110
Telephone: (206) 447-4400
Fax: (206) 749-1940
E-mail: Ben.Hodges@foster.com,
Kevin.Ormiston@foster.com

*Counsel for Plaintiff Solowheel, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Al Van Kampen
Van Kampen & Crowe, PLLC
1001 Fourth Avenue, Ste 4050
Seattle, WA 98154
Email: AVanKampen@VKClaw.com

Cameron H Tousi
IP Law Leaders PLLC
6701 Democracy Blvd., Ste 555
Bethesda, MD 20817
Email: chtousi@ipllfirm.com

By:  *s/ Benjamin J. Hodges*
Benjamin J. Hodges

SOLOWHEEL, INC.'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER – 7
Case No. 3:16-cv-05688-RBL