The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SOLOWHEEL, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NINEBOT INC. (USA), D/B/A NINEBOT U.S., INC.; NINEBOT (TIANJIN) TECHNOLOGY CO., LTD.; NINEBOT, INC. (China),<br><br>　　　　　　　　　Defendants. | Case No. 3:16-cv-05688-RBL<br><br>**DEFENDANT NINEBOT (TIANJIN) TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFF SOLOWHEEL'S MOTION TO COMPEL DISCOVERY AND ITS CROSS-MOTION TO COMPEL DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR: March 22, 2019** |

Defendant Ninebot (Tianjin) Technology Co., Ltd. ("Defendant" or "Ninebot") respectfully submits the following response, along with the accompanying Declaration of Cameron H. Tousi ("Tousi Decl."), in opposition to Plaintiff Solowheel, Inc.'s ("Plaintiff" or "Solowheel") Motion to Compel Discovery and supporting Ninebot's Cross-Motion to Compel Discovery.

**I.    INTRODUCTION AND STANDARD OF REVIEW**

Applicable authority resides with the Court pursuant to Fed. R. Civ. P. 26 and 37, and LCR 7(d)(3) and 37(a).

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 1 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

**II.    DEFENDANT NINEBOT'S OPPOSITION AND SUPPORT FOR ITS CROSS-MOTION**

**A.    Solowheel Failed to Meet and Confer Before Filing its Motion**

Solowheel was required to meet face-to-face or via telephone conference before filing its Motion to Compel discovery. LCR 37(a) ("A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference."). Solowheel failed to do so or make an attempt to do so. Admittedly, the parties have had numerous email exchanges regarding the delay of production, principally due to Solowheel's refusal to effect any compromise on outstanding issues. D.I. 64, at 3-4. However, it is noteworthy that the last communication about the issue was an email from Solowheel's counsel holding its steadfast position, with no request for a face-to-face meeting, nor a telephonic communication. Tousi Decl. at ¶ 4; Ex. A.

There was no effort made to discuss thoroughly and in good faith the outstanding discovery related issues prior to filing of its Motion. *See, e.g., Wilson v. Geico Indem. Co.*, No. C18-226 RAJ, Order (W.D. Wash. Jul. 26, 2018), at fn. 1 ("This Court's Standing Order states that counsel contemplating the filing of a motion 'shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.' . . . The Court and Federal and Local Rules have a meet-and-confer requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties."). *See, e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981); *see also, Brown v. Clark Cnty. Det. Ctr.*, No. 2:15-cv-01670-APG-NJK (D. Nev. Mar. 30, 2017). ("The parties should keep in mind during their meet-and-confer that discovery is subject to an overriding requirement of good faith, *see, e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981), as well as the specific good faith requirement that attaches to prefiling conferences, *see, e.g.*, Fed. R. Civ. P. 37(a)(1)."). Moreover, the correspondence took place *three months ago*, on November 28, 2018, and there was no subsequent attempt to contact Ninebot's counsel since that date. Tousi Decl. at ¶ 4; Ex. A. Solowheel files its motion now

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.           - 2 -
Case No. 3:16-cv-05688 RBL

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

without forewarning, not in the regular course of promoting its case but because settlement discussions have broken down. D.I. 62, at 2.

Ninebot further respectfully submits that Solowheel's motion was filed without the courtesy of a telephone call, email or other indication to its counsel, and this may have spared the Court's valuable resources on the issue. Solowheel's counsel also had ample opportunity to mention the issue or its dissatisfaction to Ninebot's counsel during the Court's Markman Hearing of January 23, 2019, since there has been no resolution to the matter nor additional discussions in the interim. Solowheel failed to even mention the subject. It is therefore respectfully submitted that sanctions pursuant to LCR 11(c) are in order, as the Court may deem appropriate.

**B.     Chronology of the Protective Order Issue**

Solowheel does not deny and actually asserts that early on, the parties agreed regarding the vast majority of the draft protective order presented by Ninebot to Solowheel. D.I. 63, at 2. But as noted in Ninebot's previous filing, it is Solowheel's own obstinance and refusal to compromise on the Protective Order with Ninebot, that prevented production. As the present issues are parallel to those raised in Solowheel's Motion, Ninebot respectfully requests the Court's indulgence in reiterating the chronology of events. D.I. 64, at 2.

(1) On January 8, 2018, Ninebot sent Solowheel a letter indicating that in order to produce confidential documents and responses, the parties would need a protective order in place, and further provided Solowheel's counsel a proposed modified version of the Court's Model Stipulated Protective Order. Tousi Decl. at ¶ 5, Ex. B.[1]

(2) The proposed protective order included customary definitions for confidential information (i.e., with designations for Confidential, Confidential Outside Counsel Eyes Only, and Restricted Confidential – Source Code). *Id.*, Ex. B at 3-7, ¶¶ 2-5. It also included a prosecution bar for counsel receiving Confidential Outside Counsel Eyes Only, and Restricted Confidential – Source Code information. *Id.* at 7-9, ¶ 5.

---

[1] A number of statements from Mr. Tousi's declaration and corresponding exhibits are the same as those of its earlier brief on the issue of the Protective Order. D.I. 65, 65-1 – 65-5.

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.                   - 3 -
Case No. 3:16-cv-05688 RBL

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

(3) Solowheel's initial reply indicated the parties were close to agreement, save "a few high level issues." D.I. 63-2, at 3. While it disagreed with the provisions for source code and prosecution bar, it indicated it was willing to cooperate and attempt to compromise on the issues. *Id.* For instance, with respect to the prosecution bar, its counsel stated: "I'm certainly open to a discussion on that point and there may be a way to tailor the bar to avoid situations like that, but I wanted to raise it up." *Id.* at 3, ¶ 4.

(4) Taking Solowheel's remarks at face value, and to promote completion of the matter and commencement of discovery, on January 10, Ninebot requested that Solowheel fashion a more tailored version of the language. *Id.* at 2.

(5) At this point, Solowheel changed its position, insisting on removing the prosecution bar, and subsequently promoted removing the source code language and delaying its addition altogether; Solowheel has to-date refused to reverse its position or negotiate mutually agreeable terms. *Id.*; Tousi Decl. at ¶ 6; Ex. C, at 2, 3 and 10-24.

(6) Ninebot once again provided a revised draft of the proposed Protective Order in October, 2018, which was also met with opposition. Tousi Decl. at ¶ 8, Ex. D.

(7) On the source code issue, Solowheel has taken the position that instead of having the provision in the present Order, certain standard protections should be provided in a separate order, and those provisions had existed in the ITC proceeding between the parties. D.I. 63-7, at 3-4. The problem for Ninebot, however, is that Solowheel's requests for production are pending, and despite Solowheel's assurances, it may have the duty to produce its source code; if no separate definition and applicable provisions are in place during production, the source code may have to be regarded as any other documents.

(8) In responding to Solowheel, again Ninebot took Solowheel's above-mentioned comments about the source code respecting the ITC case at face value, offering Solowheel two reasonable options, namely either reviewing the ITC source code provisions to come to amicable resolution, or instead agreeing that it would not seek source code from Ninebot. *Id.* at 2-3.

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 4 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

(9) In response, again Solowheel walked back its statement and cited more red herrings, citing differences in Delaware local rules (*i.e.*, for previous related cases) concerning production, for the cases that appeared in that venue, and the differences in scope of discovery between the ITC and the present case. *Id.* at 2. Again, Solowheel made no effort to negotiate or effect a compromise, or even discuss the matter.

(10) On the issue of the patent prosecution bar, contrary to assertions otherwise, Ninebot has been respectful of the Court's Model Stipulated Protective Order, and in fact confined its additions to its framework. Ex. G to Tousi Decl. at ¶ 5, *inter alia*.

On point, the Federal Circuit has stated that while it generally defers to regional circuit law on issues involving interpretation of the Federal Rules of Civil Procedure, it has maintained its own jurisdiction in discovery matters implicating issues of substantive patent law. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1377-78 (Fed. Cir. 2010). Finding disparity between the circuits on the issue, the Federal Circuit has explicitly held the patent prosecution bar within its own purview. *Id.* The party seeking a protective order, in general, must demonstrate good cause for its issuance. *Id.*; Fed. R. Civ. P. 26(c). "The same is true for a party seeking to include in a protective order a provision effecting a patent prosecution bar." *In re Deutsche Bank,* 605 F.3d at 1378.

In assessing the scope of such a bar, a court must first determine whether there is an "'unacceptable opportunity for inadvertent disclosure'" of confidential information to an individual involved in "competitive decisionmaking" with his or her client, and then secondly, "balance[s] this risk against the potential harm to the opposing party." *Id.* at 1380.

By way of explanation, in its assessment the Federal Circuit has refused a bright line test, and instead applies a balancing test weighing the plaintiff patent holder's right to its own counsel on the one hand, versus the risk to the defendant accused infringer of inadvertent disclosure of competitive information learned during litigation. *Id.* at 1378-80.

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 5 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

In its balancing test, that Court looks at the activities of the litigation counsel outside of the litigation itself and specifically in the area of patent prosecution. *Id.* The activities may be no more than reporting of office actions and the like, or at a high-altitude of patent oversight. *Id.* at 1379. On the other hand, their activities may include deep knowledge and related work on technological innovations, invention development and strategic decision-making respecting patent protection. *Id.*

As the Federal Circuit found and this Court can appreciate, in the first instance the risk of inadvertent misuse of competitive information is little, whereas in the latter, the risk is quite substantial. *Id.* at 1379-81.

For these reasons, to protect the interest of the plaintiff, the Federal Circuit requires that the patent prosecution bar be sufficiently tailored. *Id.* at 1381 ([A] party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information.).

Furthermore, the party seeking exemption, here Solowheel, must show for each counsel, that (1) his or her "representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use." *Id.*

On point, Ninebot's proposed patent prosecution bar has been narrowly tailored to remove any doubt of prejudice to Solowheel. Tousi Decl., at 8, ¶ 5.3-5.4. It is limited to the technical subject matter of the patents asserted and those claiming benefit of priority. *Id.* It permits non-confidential prior art to be transmitted to prosecution counsel in keeping with duties of disclosure. *Id.* It permits litigation counsel to discuss any aspects of the case deemed

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.   - 6 -
Case No. 3:16-cv-05688 RBL

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

reasonably necessary to prosecution or defense of any claims as the case may be. *Id.* It also allows litigation counsel to take part in post-grant proceedings such as *inter partes* reviews. *Id.* In sum, Ninebot has gone out of its way to give Solowheel fair and equal treatment, and Solowheel's response has been inconsistent with applicable law.

**C.  Solowheel's Refusal to Cooperate on the Protective Order was without Basis**

Solowheel's positions and remarks demonstrate either a misunderstanding or avoidance about the most basic tenets of patent law.  Solowheel remarked as follows about the last version of the protective order, which it received from Ninebot: "[t]his version you've now made [sic] the prosecution bar [sic] completely one-sided where it only applies to Plaintiff's counsel and not Defendants' at all." Tousi Decl. at ¶ 4; Ex. B.  However, here it is Plaintiff Solowheel that has asserted its patents against Defendant Ninebot's products, and not vise-versa.  At issue, therefore, are Solowheel's patents (not its products) and Ninebot's products (not its patents), and in particular, whether Ninebot's products infringe Solowheel's validly issued patents.

The very reason for the patent prosecution bar is to prevent the inadvertent disclosure of information to counsel where competitive decisionmaking about the competitor's products are at issue, and since Solowheel's products are *not* at issue, it makes no sense to request a two-sided patent prosecution bar, per Solowheel's remarks. *In re Deutsche Bank Trust,* 605 F.3d at 1379-82.  Indeed, that is why the Federal Circuit, like practitioners in the field, seeks to determine whether the bar would apply to counsel prosecuting the patents (*i.e.,* patent prosecution counsel) – which has no relevance to Ninebot's counsel.  Accordingly, Solowheel has held up its document production on a red herring.  Solowheel surmises that the prosecution bar is unnecessary because there are no continuation applications pending, and that the proposed bar would add unnecessary complication.  However, it is not reasonable to place the onus on Ninebot to make the determination of any conceivable related applications versus providing simple, narrow language.  Furthermore, the determination rests on counsel's access to competitive knowledge and not just the presently asserted patents. *Id.*  As noted, the presently presented

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.     - 7 -
Case No. 3:16-cv-05688 RBL

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

prosecution bar is narrowly tailored to provide Solowheel's counsel any and all conceivable and reasonable fair treatment, despite its not budging an inch toward a stipulated Protective Order, while crying foul about Ninebot's production (*i.e.*, because there is no Protective Order). *Supra*, at Sec. II(B)(10), at last ¶.

Solowheel further obfuscates on the source code provision, hiding its failure to even negotiate about inserting the source code provision by impermissibly using the prosecution bar as a shield. In its November 28, 2018 email to Ninebot's present counsel, Solowheel's counsel states, apparently with respect to other cases: "Ninebot's counsel for years has had access to the source code that runs Mr. Chen's products without any sort of prosecution bar." Tousi Dec. at ¶ 4; Ex. B. Again, it is Solowheel that has asserted its patents against Ninebot's products in this action, and it is therefore irrelevant whether Ninebot has access to the software code of Solowheel's products; in this patent assertion action, it is Solowheel's patents that are being asserted as against Ninebot's products. *See, e.g., In re Deutsche Bank Trust*, 605 F.3d at 1379-82.

**D.      Solowheel's Misdirection in Support of its Brief**

Solowheel makes a number of "straw man" arguments. Each argument alleges that Ninebot is not producing, and bolsters it with alleged prejudice to Solowheel or alleged promises by Ninebot. As Solowheel is well aware, and as the written record well establishes, there has been only one reason that Ninebot has not produced – that there is no protective order in place. *Supra,* Sec. II(b).

Yet, Solowheel's brief continues with its unfounded attacks. For instance, it states that Ninebot's objections stand in the way of its production, a notion that is completely baseless. D.I. 62, at 9. It finds fault with the proportionality wording of Ninebot's objections, wording that mimics Fed. R. Civ. P. 26(b)(1) as amended in December, 2015. *Id.*; D.I. 62-6, at 5. Contrary to Solowheel's proposition, at no time has Ninebot alleged that it is holding back discovery because

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 8 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

of these or any other objections. Again, the documents were not produced because the Protective Order was not in place.

Ninebot manufactures many products, and it is Solowheel's responsibility to identify infringing devices, not Ninebot's responsibility to guess which products Solowheel believes infringe. Solowheel identified its allegedly infringed product as "Ninebot One" in its Amended Complaint. D.I. 38, at ¶ 11. There, it provides a figure of the same, and alleges "'Ninebot' branded products including the 'Ninebot One' pictured below." *Id.*, at ¶ 27. Rather than making a vague, general objection, or guessing Solowheel's meaning, Defendant Ninebot's objection not only included the Ninebot One, but expanded it to a conceivable class of products. For this reasonable and, in fact, good faith measure, particularly in light of Fed. R. Civ. P. 26(b)(1), Solowheel makes another baseless accusation that Ninebot is falsely identifying its own accused product from the very same Amended Complaint. D.I. 62, at 9-10. It also argues that additional products were named in its January 23, 2018 Preliminary Infringement Contentions (*i.e.*, Ninebot One Z, Ninebot One Z, Ninebot One S1). However, Ninebot attempted to capture the same in the language of the objection, a responsibility that belongs to Solowheel. In its September 28 letter, Solowheel goes so far as to accuse Ninebot of not amending its responses in light of its filed Amended Complaint or its served Preliminary Infringement Contentions, despite that the responses were served before the latter two events; if Solowheel expected supplementation of discoverable documents based on its newly formed definitions of accused products, it could have communicated the same by updating its Requests. D.I. 62-6, at 4; Tousi Decl. at ¶ 12, Ex. I, at 2.

More importantly, however, this and Solowheel's other problems with Ninebot's objections are simply "straw men," to bolster its arguments about why Ninebot is holding back documents. These notions are simply fallacious, because Ninebot has never stated, implied purposefully or inadvertently, or intimated that it is holding back documents because of its objections or the other false narratives concocted in Solowheel's brief.

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.    - 9 -
Case No. 3:16-cv-05688 RBL

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

### E. Solowheel's *Tu Quoque* Arguments, Failure to Produce Documents and Ninebot's Cross-Motion

Ninebot is aware that all parties must cooperate and confer in good faith to resolve discovery disputes without court intervention. LCR 37(a). However, Ninebot must defend itself from Solowheel's groundless accusations, and would like to clarify the record before the Court. Ninebot also must receive its own production from Solowheel, and to prevent further prejudice, respectfully moves the court to compel discovery based on the aforementioned and following remarks.

In coordination with the *tu quoque* arguments of its Motion for Protective Order (D.I. 63), Solowheel now requests that the Court issue an order compelling Ninebot's production. This second chapter of its one-sided view is made despite that, as mentioned in Ninebot's earlier-filed Opposition and Cross-Motion, Solowheel has itself not produced documents. D.I. 64, at 3.

Solowheel was served Ninebot's First Set of Requests for Production of Documents and Things on June 28, 2018; after a ninety-day delay, which Ninebot generously permitted, Solowheel finally served its responses and production on September 26. Tousi Decl., at ¶ 11, Ex. H; *Id.*, at ¶¶ 8, 9, and Exs. E, F. However, to-date, as it stands before the Court accusing Ninebot of not producing its confidential documents, *Solowheel itself has yet to produce a single document in response to Ninebot's Requests for Production of Documents and Things served on June 28, 2018*. Tousi Decl., at ¶ 7, Ex. D. Nor has it indicated that any documents would be forthcoming. Accordingly, any discovery delays are at least equally the fault of Solowheel.

If anything, Ninebot's behavior has been much more cooperative, in keeping with the Court's expectations. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219-20 (9th Cir. 2018) ("The discovery process in theory should be cooperative and largely unsupervised by the district court.").

As admitted by Solowheel, Ninebot produced publicly available documents, namely the patent file histories, at the outset of discovery and before the dispute arose regarding the

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 10 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

Protective Order. D.I. 62, at 1, ¶¶ 2, 5, 2.  While it accuses Ninebot of not producing a single non-public document, Solowheel itself has yet to produce *any* documents, public or private.

In fact, Solowheel has failed to produce any documents responsive to a number of Ninebot's Requests for Production that would be publicly available, including a copy of all prior art relating to the patent-in-suit (Ex. H to Tousi Decl., Req. for Prod. No. 9), evidence of long-felt need and commercial success (*Id.*, Req. for Prod. Nos. 12, 13), and accolades and industry recognition (*Id.*, Req. for Prod. Nos. 14), *inter alia*.  Accordingly, as it accuses Ninebot of not producing documents not publicly available, Solowheel itself would be more culpable by definition.  Remarkably, Solowheel conditions *its own production of public documents* based on entry of a Protective Order.  *Id.*

Solowheel's brief makes a number of unfortunate accusations, attempting to tie Ninebot's non-production to its raised objections and other issues.  *Supra*, Sec. II(D).  This is despite the overwhelming evidence to the contrary, and the fact that the parties are not producing documents because the Protective Order is not in place.  It is noteworthy that Solowheel's own objections are often so broad as to be without any basis; for example, it objects to producing accolades and industry recognition documents, *i.e.*, public documents, and makes blanket and frankly non-responsive remarks, including asserting attorney-client privilege conditioning, objecting that obviousness (*i.e.,* one of the fundamental tenets of invalidating a patent) is not at issue in the case, *inter alia*.  However, Ninebot will not herein submit arguments analogous to Solowheel's, casting aspersions about not producing documents tied to objections or other false measures.

The documents Solowheel holds back are vital to Ninebot's case, as many of them tie directly to the basis of its invalidity claims, including with respect to prior art documents and activity, and behavior before the U.S. Patent and Trademark Office. Tousi Decl., at ¶ 13.

Defendant's Opp. to Plaintiff's Motion to Compel
Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 11 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

### F. Request for Attorney's Fees

Under Fed. R. Civ. P. 37(a)(5), Defendant respectfully requests an award of attorney's fees that have incurred with respect to the present motion. As the Court is aware, under the Rule the award is mandatory of the party necessitating the motion after providing the opportunity to be heard, absent certain exceptions.[2] Defendant Ninebot has established without undue exaggeration that the non-production of documents has been mutual since the Protective Order was not in place, and Solowheel's arguments are without foundation. Furthermore, Solowheel brings its motion despite that its own non-production has prejudiced Ninebot and without a meet and confer meeting. If Ninebot is awarded attorney's fees, Ninebot's counsel will submit declarations in support thereof as so directed. Lastly, Ninebot respectfully submits that even if the Court were to find against it on Solowheel's motion, attorney's fees should not be awarded, including pursuant to exception (i) of Fed. R. Civ. P. 37(a)(5), because Solowheel filed its motions without a proper meet and confer meeting. *Supra*, Sec. II(A).

### III. DEFENDANT NINEBOT'S CROSS-MOTION TO COMPEL DISCOVERY BY SOLOWHEEL

For the foregoing reasons, Ninebot respectfully moves the Court to compel Solowheel to produce all documents in response to Ninebot's First Set of Requests for Production of Documents and Things served on June 28, 2018. Tousi Decl. at ¶¶ 7, 8, Exs. D, E.

### CONCLUSION

In light of the foregoing, Defendant Ninebot respectfully requests that the Court deny Solowheel's Motion to Compel and order that Solowheel fully respond to Ninebot's discovery requests.

---

[2] The exceptions are if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

1

Dated this 4th day of March, 2019.

2

Respectfully Submitted by:
**VAN KAMPEN & CROWE** PLLC

*s/ Al Van Kampen*
Al Van Kampen, WSBA No. 13670
Attorneys for Defendant Ninebot (Tianjin) Technology Co., Ltd.
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
Phone: (206) 386-7353
Fax:    (206) 405-2825
Email: *AVanKampen@VKClaw.com*


**IP LAW LEADERS PLLC**


/Cameron H. Tousi/
Cameron H. Tousi (admitted *pro hac vice*)
Attorneys for Defendant Ninebot (Tianjin) Technology Co., Ltd.
6701 Democracy Blvd. Ste 555
Bethesda, MD 20817
Telephone: (202) 248-5410
Facsimile: (202) 318-4538
Email: *chtousi@ipllfirm.com*

Defendant's Opp. to Plaintiff's Motion to Compel Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 13 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which transmits notification of the filing to the following persons:

Benjamin J. Hodges
Cristofer Ivan Leffler
Joel B. Ard
Kevin Ormiston
**FOSTER PEPPER PLLC (SEA)**
1111 Third Ave., Ste. 3000
Seattle, Washington 98101-3299
Tel: 206-447-9700
 Ben.Hodges@foster.com
 Cristofer.leffler@foster.com
 Joel.Ard@Foster.com
 kevin.ormiston@foster.com

Signed at Seattle, Washington this 4th day of March, 2019.

s/ *Al Van Kampen*
Al Van Kampen

Defendant's Opp. to Plaintiff's Motion to Compel Discov. & Cross-Motion to Compel Discov.
Case No. 3:16-cv-05688 RBL

- 14 -

IP LAW LEADERS PLLC
6701 DEMOCRACY BOULEVARD, STE. 555
BETHESDA, MD 20817
(202) 248-5410
IPLAWLEADERS.COM