# EXHIBIT C

**chtousi@ipllfirm.com**

| | |
|---|---|
| **From:** | Ben Hodges <ben.hodges@foster.com> |
| **Sent:** | Wednesday, October 10, 2018 8:28 PM |
| **To:** | 'Andrew C. Aitken' |
| **Cc:** | Cameron Tousi; Kevin Ormiston; Ryan Duffey |
| **Subject:** | RE: Protective Order; Meet and Confer |
| **Attachments:** | BJH Edits - ModelStipulatedProtectiveOrder (Ninebot).docx |

Andrew,

Attached is a draft that contains edits, mostly as I mentioned would be appropriate to Cameron last January.

Please let me know if this resolves those issues and if not I am happy to meet and confer as soon as possible. I am available tomorrow except for a lunch meeting (11:30-1:30 PST) if you wish to discuss.

I hope you feel better and if you need time to accommodate illness, I'm happy to give you some additional reasonable time.

Thanks.

Ben

Ben Hodges
**ATTORNEY**
Foster Pepper PLLC
Tel: 206.447.6282
ben.hodges@foster.com
**From:** Andrew C. Aitken [mailto:acaitken@ipllfirm.com]
**Sent:** Tuesday, October 09, 2018 3:52 PM
**To:** Ben Hodges
**Cc:** Cameron Tousi
**Subject:** Fwd: Protective Order; Meet and Confer


Dear Ben:

As I was preparing the financial documents to send out today, I went to review the protective order and learned that the parties have not yet agreed to terms.

 Based upon the correspondence exchanged in January, it appears that the parties were close to an agreement but the was never complected (or I could not find a record of an executed copy).  I am unable to send these materials out until an confidentiality agreement or protective order is put in place.  I am sure that if we agree to the terms, we can initiate production 'without approval by the court.
Based upon my review of the correspondence, it looks like Cameron had asked you for a marked up copy of the last version that he had proposed.

Can you let me know where this stands?

I was hit with some sort of flu today and have been working from home on a response to your letter of September 28, 2018 but it looks like many of the issues you raise can be addressed by our document production.

Please send me your proposed version of the Protective Order at your earliest convenience so we can finish this step up.

Very truly yours,

Andy Aitken
(301) 537-3299




---------- Forwarded message ---------
From: **Ben Hodges** <ben.hodges@foster.com>
Date: Thu, Jan 11, 2018 at 1:13 PM
Subject: RE: Protective Order; Meet and Confer
To: Cameron H. Tousi <chtousi@ipllfirm.com>
Cc: Al Van Kampen <AVanKampen@vkclaw.com>, Andrew C. Aitken <acaitken@ipllfirm.com>, Cristofer Leffler <cristofer.leffler@foster.com>, Kevin Ormiston <kevin.ormiston@foster.com>, Ryan Duffey <Ryan.Duffey@foster.com>


Cameron,


My proposal would be that we simply eliminate the prosecution bar section at this time. As I said, given the history of the Parties litigating in good faith without one (and to my knowledge without any problems related to prosecution) and the nature of what I anticipate we would be exchanging, I don't think one is needed. I would agree to revisit the issue in good faith if for some reason we ended up needing source code production and review. In that case, in the abstract I could see a narrow prosecution bar being acceptable.



Thanks.



Ben


Ben Hodges
ATTORNEY

FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101

ben.hodges@foster.com

Tel: 206-447-6282
Fax: 206-749-1940

foster.com

---

**From:** Cameron H. Tousi [mailto:chtousi@ipllfirm.com]
**Sent:** Wednesday, January 10, 2018 4:14 AM
**To:** Ben Hodges
**Cc:** Al Van Kampen; Andrew C. Aitken; Cristofer Leffler; Kevin Ormiston; Ryan Duffey
**Subject:** Re: Protective Order; Meet and Confer

Ben,

Your proposed items 1-3 should be acceptable without an issue.

Regarding item 4, the patent prosecution Bar, we are appreciative of the points you are making. Rather than extended back and forth exchanges by email, it would be preferable if you amend our version to fashion a more tailored version of the language, which we can discuss in our meet and confer discussion.

Best regards,

Cameron

Sent from my iPhone

On Jan 9, 2018, at 4:23 PM, Ben Hodges <ben.hodges@foster.com> wrote:

> Cameron,
>
> Sorry I wasn't able to send you edits last night and I'm actually on a plane now, so sending the document is a little problematic. However, I think overall we are close and just a few high level issues to work out.
>
> 1. We'll need to change the Plaintiff to Solowheel from Inventist.
>
> 2. We're fine with the Model ESI provisions

3. For the Protective Order, we'd prefer to take out designations for Source Code. Right now I don't know if source code will need to be produced. If it is, we would need a supplemental Order that laid out review and production procedures which would be unique to Source Code and for which this Order won't be applicable or sufficient. With that in mind, I think it would be better to delete it out of this so there's no confusion that Source Code won't be produced with just this Order.

4. I'm not sure about the prosecution bar. As you know, the Parties have been litigating for years now without a Prosecution Bar. That would mean that a party could produce the exact same document from prior litigation that wasn't subject to a bar and suddenly a bar would be in place even though the recipient could have been prosecuting this entire time. Additionally, I'm a little reluctant given that Hogan Lovells still also represents Ninebot and it received all our documents previously, including our source code, but they won't be subject to this Bar, so a bar would be a little one sided. It would seem to lead to strange results in that way. I'm certainly open to a discussion on that point and there may be a way to tailor the bar to avoid situations like that, but I wanted to raise it up.

If you want to discuss, I can call you later today. I will land in a few hours and I'd be happy to discuss later today or tomorrow.

Thanks.

Ben

Ben Hodges
ATTORNEY

FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101

ben.hodges@foster.com

Tel: 206-447-6282
Fax: 206-749-1940

foster.com

**From:** Cameron H. Tousi [mailto:chtousi@ipllfirm.com]
**Sent:** Monday, January 08, 2018 2:09 PM
**To:** Ben Hodges
**Cc:** Al Van Kampen; Andrew C. Aitken; Cristofer Leffler; Kevin Ormiston; Ryan Duffey
**Subject:** Re: Protective Order; Meet and Confer

Ben,

Tomorrow morning is fine for the discussion. Enclosed please
also find the proposed ESI order. Here, we are proposing the
Court's model order with no revisions.


Best regards,

Cameron




On Mon, Jan 8, 2018 at 4:42 PM, Ben Hodges <ben.hodges@foster.com> wrote:

Cameron,


Received and I will try to get you back comments today and be available for a meet and confer.
However, I have a few filings also due today, so that might be difficult. Would you be available
tomorrow morning?


Thanks.


Ben


Ben Hodges
**ATTORNEY**

FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101

ben.hodges@foster.com

Tel: 206-447-6282
Fax: 206-749-1940

foster.com

**From:** Cameron H. Tousi [mailto:chtousi@ipllfirm.com]
**Sent:** Monday, January 08, 2018 1:31 PM
**To:** Ben Hodges
**Cc:** Al Van Kampen; Andrew C. Aitken; Cristofer Leffler; Kevin Ormiston; Ryan Duffey
**Subject:** Protective Order; Meet and Confer


Ben,


In order to produce confidential documents and responses, we
would need a protective order in place together.


Pursuant to LCR 26(c)(2), we provide the Court's Model
Stipulated Protective Order in redline format, to include
provisions we consider standard for a patent case such as this
one.


LCR 26(c)(1) requires a good faith meet and confer for the
protective order. Would you please review the attached, and let
us know your availability for a telephonic meet and confer
discussion. It would be preferable to have the discussion today
since there are responses due.


Best regards,

Cameron




--




Cameron H. Tousi, Esq.

Managing Partner

**IP Law Leaders PLLC**

--

Cameron H. Tousi, Esq.

Managing Partner

**IP Law Leaders PLLC**

| | |
|---|---|
| **E** | chtousi@ipllfirm.com |
| **Tel** | +1 202 248 5410 |
| **Fax** | +1 202 318 4538 |
| **Web** | www.iplawleaders.com |
| **DC Metro Area** | 6701 Democracy Blvd., Ste. 555, Bethesda, MD 20817 |
| **Washington, DC** | 1701 Pennsylvania Avenue, NW, Ste. 300, Washington, DC 20006 |
| **Silicon Valley** | 4 Embarcadero Center, Ste. 1400, San Francisco, CA 94111 |

PRIVILEGED AND CONFIDENTIAL

PLEASE NOTE: This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Our firm reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message. Thank you.

**Please consider the environment before printing this email.**

--

Andrew C. Aitken, Esq.
Sr. Counsel

**IP Law Leaders PLLC**

**E**      acaitken@ipllfirm.com
**Tel**     +1 202 248 5410
**Fax**   +1 202 318 4538
**Web**   www.iplawleaders.com
**DC Metro Area**   6701 Democracy Blvd., Ste. 555, Bethesda, MD 20817
**Washington, DC**   1701 Pennsylvania Avenue, NW, Ste. 300, Washington, DC 20006
**Silicon Valley**   4 Embarcadero Center, Ste. 1400, San Francisco, CA 94111

PRIVILEGED AND CONFIDENTIAL
PLEASE NOTE: This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Our firm reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message. Thank you.
**Please consider the environment before printing this email.**

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA———

9
10

| INVENTIST INCSOLOWHEEL INC.., | CASE NO. 3:16-cv-05688-RBL |
|---|---|
| Plaintiff, | **MODEL STIPULATED PROTECTIVE ORDER** |
| v. | |
| NINEBOT INC (USA), D/B/A INEBOT U.S., INC.; NINEBOT (TIANJIN) TECHNOLOGY CO., LTD; NINEBOT, INC (China) | |
| Defendant. | |

1.    PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Plaintiff InventistSolowheel Inc. and Defendant Ninebot (Tianjin) Technology Co. Ltd. (collectively "Parties")the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or

items that are entitled to confidential treatment under the applicable legal principles, and it does

not presumptively entitle Pparties to file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

2.1     "Confidential" material shall include the following documents and tangible things

produced or otherwise exchanged: all information or material produced for or disclosed in

connection with this action to a Receiving Party that a Producing Party, including any Party to

this action and any non-party producing information or material voluntarily or pursuant to a

subpoena or a court order in connection with this action, considers in good faith to contain

confidential, commercially sensitive, and/or proprietary information not otherwise known or

available to the public. Any CONFIDENTIAL INFORMATION obtained by any Party from any

person pursuant to discovery in this litigation may be used only for purposes of this

litigation[The parties must include a list of specific documents such as "company's customer

list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive

business material"]. CONFIDENTIAL OUTSIDE COUNSEL ONLY material is Confidential

Information where the producing party has a reasonable, good faith belief that disclosure of such

information to the officers, directors or employees of the receiving party is reasonably likely to

cause substantial harm to the competitive position of the producing party

2.2     Any document or tangible thing containing or including any CONFIDENTIAL

INFORMATION may be designated as such by the Producing Party by marking it

"CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED

CONFIDENTIAL     SOURCE CODE" prior to or at the time copies are furnished to the

Receiving Party.

2.3     Written discovery, documents (which include "electronically stored information,"

as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the

requirements for the confidentiality designations listed herein may be so designated by placing

the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL OUTSIDE COUNSEL ONLY" (unless otherwise designated at the time of inspection) during the inspection and re-designated, as appropriate during the copying process.

2.4 All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2 shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

2.5 Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, designated CONFIDENTIAL OUTSIDE COUNSEL ONLY (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the Receiving Party.

2.6 The following are examples of information that is not CONFIDENTIAL INFORMATION:

a. Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b. Any information that the Receiving Party can show was already publicly known prior to the disclosure;

c.      Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

d.      Any information which the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's CONFIDENTIAL INFORMATION;

e.      Any advertising materials that have been actually published or publicly disseminated; and

f.      Any materials that have been disseminated to the public.

2.7      Documents designated CONFIDENTIAL and information contained therein shall be available to persons or entities set forth in Paragraph 7.2 herein.

3.      INFORMATION DESIGNATED "CONFIDENTIAL OUTSIDE COUNSEL ONLY"

3.1      The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes or contains (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements,  settlement agreements or settlement communications, the disclosure of which is likely to cause  harm to the competitive position of the Producing Party; (e) trade secrets, pricing information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, customer lists, and other non-public information of similar competitive and business sensitivity, and/or (f) information that is likely to cause economic harm or significant competitive disadvantage to the Producing Party if disclosed.  Documents marked

CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY.  In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each Party agrees to use such designation only in good faith.

　　　3.2　　Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs 7~~6~~.2(a), (c), (d), (e), (f) and (g) subject to any terms set forth or incorporated therein and, in particular, not any person or entity listed in paragraph 7.2(b).

4.　　~~INFORMATION DESIGNATED "RESTRICTED CONFIDENTIAL      SOURCE CODE"~~SOURCE CODE

~~The RESTRICTED CONFIDENTIAL      SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a Party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code or technical design documentation, including computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.  Because the Parties are uncertain as to whether source code will be requested and/or produced in this matter, they agree to negotiate and propose a supplement to this Stipulated Protective Order regarding the terms of source code production, if such production becomes necessary.~~　　This agreement is not intended to cover production of source code. If source code becomes a category of requested information, the Parties agree to work in good faith to come to agreement on a proper addendum covering production and protection of source code.

5.　　~~PROSECUTION BAR~~

5.1 Absent the written consent of the Producing Party, no person on behalf of Plaintiff, including without limitation any technical advisor of Plaintiff, who reviews a Defendant's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE information shall, for the period of time identified in 5.3, engage in any Prosecution Activity (as defined below) on behalf of any Party other than the Producing Party or engage in any Prosecution Activity involving claims on a method, apparatus, or system claiming the technology that is the subject of the Defendant's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE information reviewed, including without limitation the technical subject matter of patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action.

5.2 For clarity and the avoidance of doubt, in-house or outside counsel of any Defendant in this action are not subject to this Prosecution Bar even if they have received any other Party's non-technical CONFIDENTIAL information or non-technical CONFIDENTIAL OUTSIDE COUNSEL ONLY information other than through a violation of this Order.

5.3 Prosecution Activity shall mean any activity related to 1) the preparation or prosecution (for any person or entity) of patent applications relating to the technology that is the subject of the Defendant's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE information reviewed, including without limitation the technical subject matter of patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office, which shall be prohibited commencing upon the receipt of a Defendant's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE information and ending three years following the conclusion of this case (including any appeals). Nothing in this paragraph shall prevent any

attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

5.4    For the avoidance of doubt, the patent prosecution bar above, shall not be deemed to preclude persons who have received Defendant's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL   SOURCE CODE information from participating directly or indirectly in post grant proceedings relating to the patents-in-suit, or of any patent that claims priority, in whole or part, to the patent-in-suit.

65~~3~~. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by ~~part~~Parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

76~~4~~. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

76~~4~~.1  <u>Basic Principles</u>. A receiving ~~part~~Party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.

Confidential material must be stored and maintained by a receiving ~~part~~Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

~~7~~6~~4~~.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating ~~part~~Party, a receiving ~~part~~Party may disclose any confidential material only to:

(a)   the receiving ~~part~~Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving ~~part~~Party to whom disclosure is reasonably necessary for this litigation, unless the ~~part~~Parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court, court personnel, and court reporters and their staff;

(e)   copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the ~~part~~Party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating ~~part~~Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material

must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

~~7~~64.3   <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing ~~part~~<u>Part</u>y shall confer with the designating ~~part~~<u>Part</u>y to determine whether the designating ~~part~~<u>Part</u>y will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a ~~part~~<u>Part</u>y seeks permission from the court to file material under seal.

~~8~~<u>7</u>5.   <u>DESIGNATING PROTECTED MATERIAL</u>

~~8~~<u>7</u>5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each ~~part~~<u>Part</u>y or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating ~~part~~<u>Part</u>y must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating ~~part~~<u>Part</u>y to sanctions.

1    If it comes to a designating ~~part~~Party's attention that information or items that it

2    designated for protection do not qualify for protection, the designating ~~part~~Party must promptly

3    notify all other parties that it is withdrawing the mistaken designation.

4    ~~87~~5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

5    agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

6    ordered, disclosure or discovery material that qualifies for protection under this agreement must

7    be clearly so designated before or when the material is disclosed or produced.

8         (a)   <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents

9    and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

10   proceedings), the designating ~~part~~Party must affix the word "CONFIDENTIAL,"<u>, or</u>

11   ~~"CONFIDENTIAL OUTSIDE COUNSEL ONLY"~~ or ~~"RESTRICTED CONFIDENTIAL~~

12   ~~SOURCE CODE,"~~as the case may be, to each page that contains confidential material. ~~If only a~~

13   ~~portion or portions of the material on a page qualifies for protection, the producing part~~Party ~~also~~

14   ~~must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the~~

15   ~~margins).~~

16        (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the

17   ~~part~~Parties and any participating non-parties must identify on the record, during the deposition or

18   other pretrial proceeding, all protected testimony, without prejudice to their right to so designate

19   other testimony after reviewing the transcript. Any ~~part~~Party or non-party may, within fifteen

20   days after receiving the ~~~~transcript of the deposition or other pretrial proceeding, designate

21   portions of the transcript, or exhibits thereto, as confidential.  If a ~~part~~Party or non-party desires

22   to protect confidential information at trial, the issue should be addressed during the pre-trial

23   conference.

24        (c)   <u>Other tangible items</u>: the producing ~~part~~Party must affix in a prominent

25   place on the exterior of the container or containers in which the information or item is stored the

26   word  "CONFIDENTIAL~~.~~," <u>or "CONFIDENTIAL OUTSIDE COUNSEL ONLY"</u> ~~or~~

1  ~~"RESTRICTED CONFIDENTIAL — SOURCE CODE,"~~ as the case may be. ~~If only a portion or~~

2  ~~portions of the information or item warrant protection, the producing part~~Party, ~~to the extent~~

3  ~~practicable, shall identify the protected portion(s).~~

4       8~~7~~5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

5  designate qualified information or items does not, standing alone, waive the designating

6  ~~part~~Party's right to secure protection under this agreement for such material. Upon timely

7  correction of a designation, the receiving ~~part~~Party must make reasonable efforts to ensure that

8  the material is treated in accordance with the provisions of this agreement.

9

10  ~~9~~8~~6~~.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

11       ~~9~~8~~6~~.1   <u>Timing of Challenges</u>. Any ~~part~~Party or non-party may challenge a designation of

12  confidentiality at any time. Unless a prompt challenge to a designating ~~part~~Party's confidentiality

13  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

14  burdens, or a significant disruption or delay of the litigation, a ~~part~~Party does not waive its right

15  to challenge a confidentiality designation by electing not to mount a challenge promptly after the

16  original designation is disclosed.

17       ~~9~~8~~6~~.2   <u>Meet and Confer</u>. The ~~part~~Parties must make every attempt to resolve any dispute

18  regarding confidential designations without court involvement. Any motion regarding

19  confidential designations or for a protective order must include a certification, in the motion or in

20  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

21  conference with other affected parties in an effort to resolve the dispute without court action. The

22  certification must list the date, manner, and participants to the conference. A good faith effort to

23  confer requires a face-to-face meeting or a telephone conference.

24       ~~9~~8~~6~~.3   <u>Judicial Intervention</u>. If the ~~part~~Parties cannot resolve a challenge without court

25  intervention, the ~~designating~~ challenging ~~part~~Party may file and serve a motion to ~~retain~~ challenge

26  confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if

applicable) and after at least 24 hours of notice to the opposing party. The burden of persuasion in any such motion shall be on the designating ~~part~~Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging ~~part~~Party to sanctions. All ~~part~~Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

~~10~~97. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a ~~part~~Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "CONFIDENTIAL OUTSIDE COUNSEL ONLY," ~~or "RESTRICTED CONFIDENTIAL SOURCE CODE,"~~ as the case may be, that ~~part~~Party must:

>    (a)    promptly notify the designating ~~part~~Party in writing and include a copy of the subpoena or court order;

>    (b)    promptly notify in writing the ~~part~~Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

>    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating ~~part~~Party whose confidential material may be affected.

~~11~~08. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving ~~part~~Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving ~~part~~Party must immediately (a) notify in writing the designating ~~part~~Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

~~12~~19.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing ~~part~~Party gives notice to receiving ~~part~~Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving ~~part~~Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The ~~part~~Parties  -agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

~~13~~20. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving ~~part~~Party must return all confidential material to the producing ~~part~~Party, including all copies, extracts and summaries thereof, or attest to the complete destruction thereof. ~~Alternatively, the parties may agree upon appropriate methods of destruction.~~

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating ~~part~~Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____                    _____
                                                             Attorneys for Plaintiff


DATED:_____                     _____
                                                             Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing ~~part~~Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.


DATED:_____


                                                    _____
                                                    Honorable Robert B. Leighton~~[Name of Judge]~~
                                                    United States District Court Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____