# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | | |
|---|---|---|
| SOLOWHEEL INC.,<br>Plaintiff,<br><br>v.<br><br>NINEBOT INC. (USA), D/B/A NINEBOT<br>U.S., INC.; NINEBOT (TIANJIN)<br>TECHNOLOGY CO., LTD.; NINEBOT,<br>INC. (China),<br>Defendants.<br><br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:16-cv-05688-RBL<br><br>**DEFENDANT'S FIRST SET OF<br>REQUESTS FOR PRODUCTION OF<br>DOCUMENTS AND THINGS** |

<u>**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION<br>OF DOCUMENTS AND THINGS**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules in the above-captioned litigations, Defendant Ninebot (Tianjin) Technology Co., Ltd. ("Ninebot"), by and through, counsel, serves this First Set of Requests for Production of Documents and Things on Plaintiff. These requests are to be responded to separately and fully no later than thirty (30) days after receipt. The responses requested herein should be produced within thirty (30) days at the offices of Van Kampen & Crowe PLLC, 1001 Fourth Avenue, Suite 4050, Seattle, Washington 98154, or at such other location as may be agreed upon by counsel for the parties.

**DEFINITIONS AND INSTRUCTIONS**

1.      For the convenience of counsel and the Court, it is requested that each numbered request be answered by repeating the request in its entirety and then providing the corresponding answer.

2.      If Plaintiff knows of the existence, past or present, of any documents and things described below, but is unable to produce such documents and things because they are not presently in its possession, custody or control, it shall so state and shall identify such documents

and the name and address of the person who has possession, custody or control of the documents and things.

3.      These requests shall be deemed to be continuing within the meaning of Federal Rule of Civil Procedure 26(e) with respect to any additional information which becomes known to Plaintiff or its counsel up to and including the time of trial.

4.      In answering the requests, Plaintiff shall furnish all documents and information which are available to it, including documents and information in the possession, custody or control of its present and former agents, employees, officers, directors, attorneys, accountants, investigators, experts, and all other persons acting or purporting to act on behalf of Plaintiff or under the direction or control of Plaintiff or its attorneys or agents.

5.      The terms "you," "You," "your," "Your," or "Plaintiff" means and shall refer to Plaintiff Solowheel, Inc, and any licensees, affiliated corporations or entities, including parent and/or subsidiary corporations, divisions, predecessors, partners, directors, officers, employees, agents and attorneys and each person acting on its behalf or under its control.

6.      Notwithstanding any definition set forth below, each word, term, or phrase used in this document is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in this document, the following terms are to be interpreted in accordance with these definitions:

7.      The term Ninebot or Defendant refers to defendant Ninebot (Tianjin) Technology Co., Ltd.

8.      The term '250 Patent refers to U.S. Patent No. 8,807,250.

9.      The term "Patents-in-Suit" means the '250 Patent and Design Patents Nos. D673081 (the '081 Patent)  and  D729698 (the '698 Patent).

10.     The term "Communication" or "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries or otherwise) .

11.     The term "Complaint" or "complaint" means the Complaint filed by Plaintiff in the above-captioned case, and any amendments or supplements thereto ("case").

12.     The term Solowheel means the Plaintiff Solowheel Inc. and all current and former managerial employees.

13.     The term "Ninebot's Unicycle Products" refers to any product sold under the Ninebot name or Ninebot brand that includes at least one wheel that is positioned between opposite foot platforms or pedals.

14.     The term "unicycle product" refers to any product that includes at least one wheel that is intended to be positioned between the legs of a user and is positioned between opposite foot platforms or pedals.

15.     Solowheel Unicycle Products means any product manufactured, sold or licensed by Solowheel and are covered by the Patents-in-Suit.

16.     The terms "documents," "Documents," "things" and "Things" are used in their broadest sense and include, without limitation, a "writing" or "recording," as defined in Rule 1001(1) of the Federal Rules of Evidence, or a "document," as defined in Rule 34(a) of the Federal Rules of Civil Procedure, and refers to all handwritten, typed, printed, electronic, or otherwise visually or aurally reproduced materials, and all originals and copies that contain any notes, handwriting, underscoring, deletions, or that in any way otherwise differ from the original thereof. Such documents include but are not limited to: (1) all the written, printed, recorded, graphic, or sound reproductions, however produced, including but not limited to correspondence, memoranda, notes, telegrams, notebooks, diaries, desk calendars, charts, photographs, and records of any kind; (2) all computer-readable data compilations, including but not limited to tapes, diskettes, card, cassettes, electronic mail, and all other electronic or mechanical devices

which contain information stored in mainframe and personal computers or devices (such as PDAs/cell phones) or accessible "online"; (3) all originals, drafts, and copies that differ in any respect from the original, all marginal comments that appear on such documents, all transcripts or recordings of such documents, and all attachments, enclosures, or documents affixed or referred to in such documents.

17.     The terms "relate to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

18.     The singular shall include the plural and vice versa, and words in one gender shall include the other gender.

19.     References to any person, entity or party herein includes his or her agents, attorneys, employees, officers, directors or others acting on behalf of said persons or parties.

20.     The terms "Identify" and "the Identity of" when used with respect to a communication, means to identify the nature of the communication (e.g., conversation, telephone call, e-mail message, written correspondence), to identify all Persons who participated in or were party to (e.g., overheard) the communication, and to describe in detail the substance of the communication, including what each Person contributed to the communication. If Documents reflect the entire communication, you may produce the Documents in lieu of such description.

21.  Documents to be "Identified" include Documents in Plaintiff's possession, custody, or control, Documents known by Plaintiff to have existed but no longer exist, and other Documents of which Plaintiff has knowledge or information.

22.     The term "person" or "Person," unless otherwise specified, means any natural person or legal entity including without limitation, any firm, partnership, association,

corporation, business, proprietorship, government or quasi- governmental body, agency or commission, or any other organization or entity.

23.     The term "Patent Holder," unless otherwise specified, means Solowheel, or any Person who at any time possesses, possessed or has a right to possess any and all rights in and to the Patents-In-Suit.

24.     The term "Prior Art" or "prior art" means all Documents, electronically stored information, Things, activities, and products that constitute, describe, suggest, disclose, anticipate, render obvious, refer to, or relate to the subject matter described or claimed in the Patents-in-Suit or Related Applications prior to the filing date to which such patent is entitled, and includes those categories of information set forth in 35 U.S.C. §§ 102 and 103.

25.     The term "Related Patents and/or Application(s)" means (a) any application in the chain of patent applications that led to the issuance of any of the Patents-in-Suit ; (b) any continuation, continuation-in-part, or divisional of any such application, whether or not such continuation, continuation-in-part, or divisional has been abandoned or is currently pending; (c) any reexamination, reissue application, or application by or through which any of the Patents-In-Suit claim priority; or (d) any patent or application claiming priority to (a), (b), or (c) above, including without limitation foreign counterparts.

26.     The terms "Relating," "Related," or "Relates" mean concerning, referring, describing, evidencing, or constituting the referenced subject matter, to the extent that such material is relevant to any party's claim or defense and proportional to the needs of the case.

27.     The term "Thing" and its plural are used in the broadest permissible sense consistent with the Federal Rules of Civil Procedure and refers to all tangible objects and items other than Documents and includes every such object and item regardless of nature or kind such as, by way of example but without limitation, machines, devices,

5

components, parts, assemblies, models, samples, prototypes, and commercial and production items, whether or not complete and whether or not functional.

28.     If Plaintiff refuses to produce any document coming within the scope of the following requests on the basis of attorney-client privilege, work product privilege, or any other privilege, as to each such claim: (a) identify each such document and/or communication; (b) identify each recipient of the document; and (c) state the basis upon which the privilege or ground for exclusion is claimed.

## SPECIFIC DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** All documents and things concerning the sale of the Solowheel Unicycle Products.
*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 2**: All documents and things concerning the design of the Solowheel Unicycle Products.
*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 3:** All documents and things concerning the marketing, promotion and advertising of the Solowheel Unicycle Products including by not limited to all documents, bids, requests for proposal, marketing studies, promotional material, presentations, videos, television advertisements, magazine and/or trade journal advertisements, internet advertising, and radio advertisements concerning said advertising and marketing.
*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 4:** All documents and things concerning agreements, licenses, arrangements and understandings between any of the parties, Solowheel, Inventist, Inc., any Patent Holder and/or Shane Chen, including but not limited to asset purchase agreements, licenses, technology transfer agreements, joint venture agreements, indemnification agreements, and confidentiality agreements.
*RESPONSE*:

**REQUEST  FOR  PRODUCTION  NO. 5:**   All documents and things concerning any comparison, evaluation, analysis or review by You, or any other person, of the Ninebot Unicycle Products and the Patents-In-Suit.

*RESPONSE***:**

**REQUEST  FOR  PRODUCTION  NO. 6**:   All documents and things concerning any comparison, evaluation, analysis or review by You, or any other person, of any unicycle product and the Patents-In-Suit.

*RESPONSE*:

**REQUEST  FOR  PRODUCTION  NO. 7**:   All documents and things concerning any cease and desist letter or offer of license from You to other person that relates or refers to the Patents-In-Suit.

*RESPONSE*:

**REQUEST  FOR  PRODUCTION  NO. 8**:   A copy of the file wrapper or prosecution history of the Patents-In-Suit.

*RESPONSE*:

**REQUEST  FOR  PRODUCTION  NO. 9**:   A copy of all prior art that relates to the Patents-In-Suit.

*RESPONSE*:

**REQUEST  FOR  PRODUCTION  NO. 10:**   All documents and things concerning Ninebots's unicycle products.

*RESPONSE***:**

**REQUEST  FOR  PRODUCTION  NO. 11:**   All documents and things concerning communications between Solowheel and Inventist, Inc. relating to Ninebot or Ninebot's Unicycle Products.

***RESPONSE*:**

**REQUEST FOR PRODUCTION NO. 12:**  All documents and things that support an any alleged long-felt, unsolved need for the alleged invention disclosed and claimed in the Patents-in-Suit.

***RESPONSE*:**

**REQUEST FOR PRODUCTION NO. 13.**  All documents and things that support an any alleged commercial success of the alleged inventions disclosed and claimed in the Patents-in-Suit.

***RESPONSE*:**

**REQUEST FOR PRODUCTION NO. 14:**   All documents and things that support any alleged accolades or other industry recognition for the alleged inventions disclosed and claimed in the Patents-in-Suit.

***RESPONSE*:**

**REQUEST FOR PRODUCTION NO. 15:**  All documents and things that support any alleged failure of others to meet the need for the alleged invention disclosed and claimed in the Patents-in-Suit.

***RESPONSE*:**

**REQUEST FOR PRODUCTION NO. 16:**  All documents and things that support any alleged acquiescence of third parties to the validity of the Patents-in-Suit.

***RESPONSE*:**

**REQUEST FOR PRODUCTION NO. 17:**  All documents and things that support any alleged nexus of commercial success to the alleged inventions disclosed and claimed in the Patents-in-Suit.

***RESPONSE*:**

**REQUEST FOR PRODUCTION NO. 18:**  All documents and things that evidence the existence of non-infringing alternatives to the invention disclosed and claimed in the Patents-in-Suit.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 19:**  All documents and things that support an any alleged demand for the alleged invention disclosed and claimed in the Patents-in-Suit including but not limited to all documents and things concerning any analysis, market research, surveys, size of market(s) or other information or communications concerning consumer demand for the products coved by the Patents-In-Suit.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 20:**  All documents and things that evidence, refer to or relate to the conception of the invention that is the subject of the Patents-In-Suit.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 21:**  All documents and things that evidence, refer to or relate to the reduction to practice of the invention that is the subject of the Patents-In-Suit.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 22:**  All documents and things that evidence, refer to or relate to the first sale of the invention that is the subject of the Patents-In-Suit.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 23:**  All documents and things that comprise prior art to the Patents-in-Suit.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 24:**  A sample of the original packaging, instructions, manuals and promotional literature for each of Your unicycle products.

*RESPONSE:*

**REQUEST  FOR  PRODUCTION  NO. 25:**  All documents and things concerning any testing of the Solowheel Unicycle Products by you or any other parties.

*RESPONSE:*

**REQUEST  FOR  PRODUCTION  NO. 26:**  All documents and things concerning the testing of the inventions disclosed in the Patents-in-Suit.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 27:**  All documents and things concerning any agreements or licenses that You believe or may believe is relevant in a damages analysis in this case including without limitation any settlement agreements (including covenants not to sue and the like), and covering single wheel personal transporters or electric unicycles, to which You are a party.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 28:**  All documents and things concerning any alleged derivative or convoyed sales associated with the sale of products covered by the Patents-in-Suit and is relevant in a damages analysis in this case.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 29:**  All documents and things concerning any alleged improved utility or advantages of products covered by the Patents-in-Suit as comparted to prior art devices.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 30:**  Documents sufficient to determine the number of units sold by any and all authorized sellers that are covered by the Patents-in-Suit.

*RESPONSE***:**

**REQUEST FOR PRODUCTION NO. 31:**  Documents sufficient to determine the gross sales revenue of products sold by Solowheel that are covered by the Patents-in-Suit.

*RESPONSE***:**

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to determine the profits from sales of products sold by Solowheel that are covered by the Patents-in-Suit.

*RESPONSE***:**

**REQUEST FOR PRODUCTION NO. 33:**  For each product covered by the Patents-in-Suit and sold by Solowheel documents and things sufficient to identify: (i) Your manufacturing facilities; (ii) the current manufacturing capacity for each manufacturing facility for each model; and (iii) each storage or warehouse facility in the United States for each model and the number of units of that model normally kept in inventory at each such facility.

*RESPONSE***:**

**REQUEST FOR PRODUCTION NO. 34:**  All documents and things concerning any contracts, agreements, terms and conditions between You and customers, vendors, partners, resellers, value added resellers, and other similar parties that use or have permission to use, sell, or offer to sell products covered by the Patents-in-Suit.

*RESPONSE***:**

**REQUEST FOR PRODUCTION NO. 35:**  All documents and things comparing, contrasting, and/or weighing or analyzing the relative advantages and disadvantages of products covered by the Patents-in-Suit and competing products, including the Ninebot Unicycle Products.

*RESPONSE***:**

**REQUEST FOR PRODUCTION NO. 36:**  All documents and things concerning any

displays or demonstrations at trade shows, meetings and conferences, worldwide, concerning products sold by Solowheel and that are coved by the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 37:**  All documents and things concerning any product reviews, news articles or press releases concerning products sold by Solowheel and that are coved by the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 38:**  All documents and things concerning any product reviews, news articles or press releases concerning products coved by the Patents-in-Suit or its inventor, Mr. Shane Chen.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 39:**  All technical papers, white papers, internal memorandums, conference proceedings, book chapters, or technical presentations that include discussions, analysis, or any other content concerning products sold by Solowheel and that are covered by the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 40:**  All documents and things concerning the design, operation, or properties of products sold by Solowheel that are covered by the Patents-in-Suit including without limitation all technical documents, schematics, plans, process diagrams, specifications, or the like concerning any products that you have accused or plan to accuse of infringing the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 41:**  All documents and things concerning the commercial success, commercial performance, customer satisfaction, critiques, problems, shortcomings, challenges, technical success, technical performance, financial performance, financial impact, suitability, competitive position, and market position of Solowheel products covered by the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 42:**  All documents and things concerning Your customers using products covered by the Patents-in-Suit including surveys and feedback.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 43:**  All documents and things concerning Your projections for sales, revenue, and profits associated with Your products covered by the Patents-in-Suit.

*RESPONSE:*


**REQUEST FOR PRODUCTION NO. 44:**  All documents and things sufficient to show the identification of Your top 50 customers, on an annual basis for products covered by the Patents-in-Suit as well as the following documents and things reflecting the following information with respect to these customers: (i) each such customer name and location; (ii) the total annual sales to each customer; and (iii) the contracts or agreements under which You provide products covered by the Patents-in-Suit to such customers.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 45:**  All documents and things concerning the financial reports produced, maintained or run by You in the ordinary course of Your business concerning products covered by the Patents-in-Suit.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 46:**  All documents and things concerning annual profit and loss statements, or the like or equivalent, for Your business unit(s) and/or groups responsible for the manufacture, sale, installation, maintenance, and/or servicing of Solowheel′s products covered by the Patents-in-Suit.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 47:**  All documents and things sufficient to show any third party′s share, or anticipated share, in any market concerning products covered by the Patents-in-Suit and/or the electric unicycle market.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 48:**   All documents and things related to the acquisition, purchase, merger, asset purchase or equivalent activity concerning Inventist Inc. or any other Patent Holder.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 49:**   All documents and things concerning the product features that are most important to purchasers, or customers of Solowheel's products covered by the Patents-in-Suit when making their purchase decisions, and any analyses, evaluations, surveys, and reviews concerning such features and decisions.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 50:**  All documents and things sufficient to show the relationship of You to Your affiliates or affiliated Persons, including parent companies, subsidiaries, partnerships, joint ventures, and divisions.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 51:**   All documents and things concerning or relating to the Patents-in-Suit.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 52:**   All documents and things concerning the Inventor(s) of the Patents-in-Suit, including but not limited to any communications with or concerning such Inventors or concerning such Inventors' publications, patents, articles or the like.

*RESPONSE:*

**REQUEST FOR PRODUCTION NO. 53:**   All documents and things concerning the first public disclosure, function, and operation of any prior art devices, references, or documents, including any prior art system, reference, or document of You, a predecessor-in-interest of You, a Patent Holder, a company acquired by You, or Person or entity controlled or employed by You.

14

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 54:**  All documents and things concerning any non-infringing alternatives to the inventions, methods, systems, or apparatuses claimed in the Patents-in-Suit, including but not limited to the identification, availability, acceptability, and cost of using or implementing any such alternatives; the specific alterations that would be made to the such non-infringing alternative products to effectuate such alternatives; and the steps, costs, and time required to develop and implement each alternative.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 55:**  All documents and things concerning Your future plans for the products covered by the Patents-in-Suit including future plans for the development of any planned or contemplated improvements, additions, new features, new functionality, updates, revisions, design arounds, and alterations.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 56:**   All documents and things concerning the history of Your development of products cover by the Patents-in-Suit including when development began and the genesis thereof; why You decided to begin development; and the circumstances that led to the development of the alleged invention disclosed and claimed in the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 57:**   All documents and things concerning the circumstances under which You first became aware of the existence of the products sold by Ninebot that you have accused of infringement of the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 58:**  All documents and things relating to any discussions, evaluations, or analysis regarding the Patents-in-Suit, including evaluations of the potential scope, validity, infringement, or enforceability of the Patents-in-Suit.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 59:**  All documents and things referred to in Your initial or mandatory disclosures, and any amendments or supplements thereto.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 60:**  Your annual reports, quarterly reports and all other periodic reports filed with the Securities and Exchange Commission (or any similar governmental entity) or presented to Your board of directors, managerial employees, investors or potential investors from August 4, 2010 to the present.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 61:**  All minutes, presentation materials or any other record of any meetings of Your officers or board of directors, or of any formal or informal committee or group thereof, that refer or relate to Inventist, Ninebot, Patent Holders, the Patents-in- Suit, or this case.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 62:**  Your organizational charts sufficient to reflect Your organization and reporting structure.

*RESPONSE***:**


**REQUEST FOR PRODUCTION NO. 63:**  All documents and things that You claim to be relevant to the interpretation or construction of any of the claims of the Patents-in-Suit, and any document or thing undermining Your alleged constructions of the claims of the Patents-in-Suit.

*RESPONSE***:**

Dated:          June 28, 2018                    Respectfully submitted,

**IP LAW LEADERS PLLC**

*s/ Cameron H. Tousi*

Cameron H. Tousi (admitted *pro hac vice*)
Andrew C. Aitken (admitted *pro hac vice*)
**IP LAW LEADERS PLLC**
6701 Democracy Blvd. Ste 555
Bethesda, MD 20817
Telephone: (202) 248-5410
Facsimile: (202) 318-4538
chtousi@ipllfirm.com
acaitken@ipllfirm.com

*Counsel for Defendant*
*Ninebot (Tianjin) Technology Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I, Cameron H. Tousi hereby certify that on June 28, 2018, a copy of Defendant's First

Set of Requests for Production of Documents and Things was served on the following by

email to the address as indicated:

1.   Benjamin J. Hodges, Registration No.: 69500
     Phone: 206.447.6282
     Fax: 206.749.1940
     Email: Ben.Hodges@foster.com

2.   Kevin S. Ormiston, Registration No.: 75003
     Tel: (206) 447-6271
     Fax: (206) 749-2025
     Email: Kevin.Ormiston@foster.com

_s/ Cameron H. Tousi /_
Cameron H. Tousi
**IP LAW LEADERS PLLC**
6701 Democracy Blvd. Ste 555
Bethesda, MD 20817