# EXHIBIT H

**chtousi@ipllfirm.com**

| | |
|---|---|
| **From:** | Ryan Duffey <Ryan.Duffey@foster.com> |
| **Sent:** | Wednesday, September 26, 2018 7:20 PM |
| **To:** | 'AVanKampen@VKClaw.com'; 'chtousi@ipllfirm.com' |
| **Cc:** | Ben Hodges; Kevin Ormiston |
| **Subject:** | Solowheel, Inc. v. Ninebot, Inc. et al. - Case No. 3:16-cv-05688-RBL |
| **Attachments:** | 2018-09-26 - Solowheel's Objections and Answers to Ninebot's First Set of Interrogatories.pdf; 2018-09-26 - Solowheel's Objections and Answers to Ninebot's First Set of Requests for Production of Documents and Things.pdf |

Dear Counsel,

On behalf of Ben Hodges, please see the attached documents served upon you regarding the above-referenced matter.

Regards,

Ryan Duffey
**LEGAL ASSISTANT**

FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101
ryan.duffey@foster.com
Tel: 206-447-7271
Fax: 206-447-9700
foster.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

SOLOWHEEL INC.,

                     Plaintiff,

v.

NINEBOT INC. (USA), D/B/A NINEBOT
U.S., INC.; NINEBOT (TIANJIN)
TECHNOLOGY CO., LTD.; NINEBOT,
INC. (China),

                     Defendants.

Case No. 3:16-cv-05688-RBL

**SOLOWHEEL INC.'S OBJECTIONS
AND ANSWERS TO NINEBOT
(TIANJIN) TECHNOLOGY CO.,
LTD.'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS
AND THINGS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**SOLOWHEEL INC.'S OBJECTIONS AND ANSWERS TO NINEBOT (TIANJIN) TECHNOLOGY CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules, Plaintiff Solowheel Inc. ("Solowheel"), by and through its undersigned counsel, submit the following objections and answers to Defendant Ninebot (Tianjin) Technology Co., Ltd. ("Ninebot") First Set of Requests for Production of Documents and Things.

**GENERAL OBJECTIONS**

The following general objections are incorporated by reference into Solowheel's responses to each request for production of documents and things.

1.     Solowheel's responses are based upon facts known at this time. Discovery in this matter is ongoing, and during the course of subsequent discovery, Solowheel may become aware of additional information that may be responsive to these requests. Solowheel reserves the right to update, amend, modify, or supplement these responses. In addition, these responses are made without prejudice to Solowheel's right to present additional evidence or contentions at trial based upon information thereafter obtained or developed.

2.     Solowheel objects to the definition of "your" and "you" on the ground that they purport to sweep in people and entities who are not under the control of Solowheel. Solowheel will respond to these requests only on its own behalf and not on behalf of other persons or entities.

3.     Solowheel objects to each request to the extent that it calls for information not within Solowheel's possession, custody, or control. Solowheel will provide only documents in its possession, custody or control that are located in the course of a reason-able search. Solowheel further objects to each request to the extent it requests electronic information, including, but not limited to, information from old programs or old media, that is not reasonably accessible and/or the accessibility of which would cause Solowheel undue burden and expense not proportional to the needs of the case.

1

4.      Solowheel objects to each request to the extent it purports to require Solowheel to compile information in a manner that is not maintained in the ordinary course of business, or to create documents that are not currently in existence.

5.      Solowheel objects to each request to the extent it seeks to impose on Solowheel an obligation to create and maintain wholly new documents, including through recording or other capture of audio, visual, and/or other digital communications solely for the purpose of discovery in the litigation where communications are not otherwise recorded or captured in the ordinary course of Solowheel's business.

6.      Solowheel objects to each request, and to the "Definitions" and "Instructions" to the extent that they seek to impose any obligation upon Solowheel that is additional to, different from, inconsistent with, greater than, and/or unauthorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Washington, applicable standing orders, applicable court orders, stipulations, or agreements of the parties. In responding to the requests, Solowheel will comply with the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Washington, applicable standing orders, applicable court orders, stipulations, and agreements of the parties.

7.      Solowheel objects to the "identify" instruction when used with reference to a "document" or "person" insofar as it renders the requests unduly burdensome. Solowheel will identify documents (if at all) only through identification though Rule 33(d) and will identify persons by name.

8.      The general objections set forth above are made without prejudice to, or waiver of, Solowheel's right to object on all appropriate grounds hereafter. Any information provided by Solowheel, and any agreement by Solowheel to produce documents, is subject to and without waiving these general objections and any specific objection stated in the response.

9.      Nothing in these responses shall be construed to waive rights or objections that are otherwise available to Solowheel, nor shall Solowheel's answering of any of these requests

2

be deemed an admission of relevancy, materiality, or admissibility in evidence of the request or of the responses thereto. Solowheel's responses are made without waiving: (1) the right to object on any basis permitted by law to the use of any information provided herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery requests or proceedings involving or relating to the subject matter of these responses.

### OBJECTIONS AND ANSWERS TO SPECIFIC DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** All documents and things concerning the sale of the Solowheel Unicycle Products.

**RESPONSE:**

Solowheel objects to Request No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "sale of the Solowheel Unicycle Products." Solowheel also objects to Request No. 1 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 1 as requesting publicly available documents equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 2:** All documents and things concerning the design of the Solowheel Unicycle Products.

**RESPONSE:**

Solowheel objects to Request No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "design of the Solowheel Unicycle Products." Solowheel also objects to Request No. 2 to the

extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 2 as requesting publicly available documents equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 3:** All documents and things concerning the marketing, promotion and advertising of the Solowheel Unicycle Products including by not limited to all documents, bids, requests for proposal, marketing studies, promotional material, presentations, videos, television advertisements, magazine and/or trade journal advertisements, internet advertising, and radio advertisements concerning said advertising and marketing.

**RESPONSE:**

Solowheel objects to Request No. 3 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "Solowheel Unicycle Products." Solowheel also objects to Request No. 3 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 3 as requesting publicly available documents equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 4:** All documents and things concerning agreements, licenses, arrangements and understandings between any of the parties, Solowheel, Inventist, Inc., any Patent Holder and/or Shane Chen, including but not limited to asset purchase

4

agreements, licenses, technology transfer agreements, joint venture agreements, indemnification agreements, and confidentiality agreements.

**RESPONSE:**

Solowheel objects to Request No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "Solowheel Unicycle Products." Solowheel also objects to Request No. 4 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 4 as requesting publicly available documents equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 5:** All documents and things concerning any comparison, evaluation, analysis or review by You, or any other person, of the Ninebot Unicycle Products and the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 5 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects under Local Rule 112(b).

**REQUEST FOR PRODUCTION NO. 6:** All documents and things concerning any comparison, evaluation, analysis or review by You, or any other person, of any unicycle product and the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what need Ninebot has for

non-Ninebot unicycle products. Solowheel further objects under Local Rule 112(b). Solowheel also objects to Request No. 6 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 6 as requesting publicly available documents equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 7:** All documents and things concerning any cease and desist letter or offer of license from You to other person that relates or refers to the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 7 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 8:** A copy of the file wrapper or prosecution history of the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 8 as requesting publicly available documents equally available to Ninebot.

**REQUEST FOR PRODUCTION NO. 9:** A copy of all prior art that relates to the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 9 as overbroad, unduly burdensome, and not proportional to the needs of the case. More specifically, Solowheel is unable to decipher what Ninebot means by "prior art that relates to the Patents-In-Suit." Solowheel also objects to Request No. 9 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 9 as requesting publicly available documents equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel identifies the Prior Art previously identified by Ninebot, as Ninebot apparently believes that art is "relevant." Solowheel also identifies the art listed on the face of the '250, '081, or '698 Patents. All of this prior art is equally available to Ninebot.

**REQUEST FOR PRODUCTION NO. 10:** All documents and things concerning Ninebot's unicycle products.

**RESPONSE:**

Solowheel objects to Request No. 10 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects to Request No. 10 to the extent it requests production of documents with an unlimited temporal scope. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 11:** All documents and things concerning communications between Solowheel and Inventist, Inc. relating to Ninebot or Ninebot's Unicycle Products.

7

**RESPONSE:**

Solowheel objects to Request No. 11 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects to Request No. 11 to the extent it requests production of documents with an unlimited temporal scope. Solowheel also objects to Request No. 11 as requesting documents equally available to Ninebot. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 12:** All documents and things that support any alleged long-felt, unsolved need for the alleged invention disclosed and claimed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 12 to the extent that it does not provide the specificity required under the Federal Rules of Civil Procedure. Solowheel further objects to Request No. 12 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects that obviousness is not at issue in this case and is the burden of Ninebot to show a submissible obviousness case before any issue of nonobviousness is relevant to this case. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 13:** All documents and things that support an any alleged commercial success of the alleged inventions disclosed and claimed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 13 to the extent that it does not provide the specificity required under the Federal Rules of Civil Procedure. Solowheel further objects to Request No. 13 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects that obviousness is not at issue in this case and is the burden of Ninebot to show a submissible obviousness case before any issue of nonobviousness is relevant to this case. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 14:** All documents and things that support any alleged accolades or other industry recognition for the alleged inventions disclosed and claimed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 14 to the extent that it does not provide the specificity required under the Federal Rules of Civil Procedure. Solowheel further objects to Request No. 14 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects that obviousness is not at issue in this case and is the burden of Ninebot to show a submissible obviousness case before any issue of nonobviousness is relevant to this case. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 15:** All documents and things that support any alleged failure of others to meet the need for the alleged invention disclosed and claimed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 15 to the extent that it does not provide the specificity required under the Federal Rules of Civil Procedure. Solowheel further objects to Request No. 15 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects that obviousness is not at issue in this case and is the burden of Ninebot to show a submissible obviousness case before any issue of nonobviousness is relevant to this case. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 16:** All documents and things that support any alleged acquiescence of third parties to the validity of the Patents-in-Suit.

**RESPONSE:**

Solowheel further objects to Request No. 16 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 16 as requesting documents equally available to Ninebot. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 17:** All documents and things that support any alleged nexus of commercial success to the alleged inventions disclosed and claimed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 17 to the extent that it does not provide the specificity required under the Federal Rules of Civil Procedure. Solowheel further objects to Request No. 17 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects that obviousness is not at issue in this case and therefore not proportional, and is the burden of Ninebot to show a submissible obviousness case before any issue of nonobviousness is relevant to this case. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 18:** All documents and things that evidence the existence of non-infringing alternatives to the invention disclosed and claimed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 18 to the extent that it does not provide the specificity required under the Federal Rules of Civil Procedure. Solowheel further objects to Request No. 18 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 18 to the extent it calls for a legal conclusion. Solowheel further objects that obviousness is not at issue in this case and is the burden of Ninebot to show a submissible obviousness case before any issue of nonobviousness is relevant to this case.

**REQUEST FOR PRODUCTION NO. 19:** All documents and things that support an any alleged demand for the alleged invention disclosed and claimed in the Patents-in-Suit including but not limited to all documents and things concerning any analysis, market research,

surveys, size of market(s) or other information or communications concerning consumer demand for the products coved by the Patents-In-Suit.

**RESPONSE:**

Solowheel further objects to Request No. 19 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel further objects to Request No. 19 to the extent it requests production of documents with an unlimited temporal scope. Solowheel also objects to Request No. 19 to the extent it calls for a legal conclusion. Solowheel further objects that obviousness is not at issue in this case and is the burden of Ninebot to show a submissible obviousness case before any issue of nonobviousness is relevant to this case. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 20:** All documents and things that evidence, refer to or relate to the conception of the invention that is the subject of the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 20 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it asks Solowheel to identify "all documents" and "conception of the invention." Solowheel objects to Request No. 20 as vague as it is unclear how Ninebot would define "evidence, refer to or relate" and "conception" or "invention". Solowheel also objects to Request No. 20 as calling for contentions and support properly considered under the Court's Scheduling Order. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce relevant non-privileged documents responsive to this request subject to a Stipulated Protective Order.

12

**REQUEST FOR PRODUCTION NO. 21:** All documents and things that evidence, refer to or relate to the reduction to practice of the invention that is the subject of the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 21 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it asks Solowheel to identify "all documents" and "conception of the invention." Solowheel objects to Re    quest No. 21 as vague as it is unclear how Ninebot would define "evidence, refer to or relate" and "conception" or "invention". Solowheel also objects to Request No. 21 as calling for contentions and support properly considered under the Court's Scheduling Order. Solowheel objects to Request No. 21 as duplicative of Request No. 20. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 22:** All documents and things that evidence, refer to or relate to the first sale of the invention that is the subject of the Patents-In-Suit.

**RESPONSE:**

Solowheel objects to Request No. 22 as duplicative of Requests No. 20 and 21 to the extent that it asks for dates and information related to conception and reduction to practice. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 23:** All documents and things that comprise prior art to the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 23 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "prior art that relates to the Patents-In-Suit." Solowheel also objects to Request No. 23 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 23 as requesting publicly available documents equally available to Ninebot. Solowheel also objects to Request No. 23 to the extent it is duplicative of Request No. 9. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 24:** A sample of the original packaging, instructions, manuals and promotional literature for each of Your unicycle products.

**RESPONSE:**

Solowheel objects to Request No. 24 as overbroad, unduly burdensome, and not proportional to the needs of the case. Ninebot has failed to offer any reason for why it needs information related to Solowheel's products in order to defend its infringement of the '250, '081, or '698 Patents. Solowheel further objects to Request No. 24 to the extent that it calls for documents and things that are publically available and thus equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 25:** All documents and things concerning any testing of the Solowheel Unicycle Products by you or any other parties.

14

**RESPONSE:**

Solowheel objects to Request No. 25 as not proportional to the needs of the case. Testing of Solowheel products has nothing to do with whether or not Ninebot infringes Solowheel's patents, validity, or damages, and is therefore irrelevant and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 26:** All documents and things concerning the testing of the inventions disclosed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 26 as not proportional to the needs of the case. Testing of Solowheel products has nothing to do with whether or not Ninebot infringes Solowheel's patents, validity, or damages, and is therefore irrelevant and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 27:** All documents and things concerning any agreements or licenses that You believe or may believe is relevant in a damages analysis in this case including without limitation any settlement agreements (including covenants not to sue and the like), and covering single wheel personal transporters or electric unicycles, to which You are a party.

**RESPONSE:**

Solowheel objects to Request No. 27 as premature because discovery has just commenced in this case. The factual allegations involving reasonable royalties will be determined through consultation with experts and will be disclosed with its experts' reports pursuant to the Court's Scheduling Order and the Local Patent Rules. Solowheel also objects to Request No. 27 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege or materials covered under any applicable confidentiality agreements. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 28:** All documents and things concerning any alleged derivative or convoyed sales associated with the sale of products covered by the Patents-in-Suit and is relevant in a damages analysis in this case.

**RESPONSE:**

Solowheel objects to Request No. 28 as premature because discovery has just commenced in this case. The factual allegations involving reasonable royalties will be determined through consultation with experts and will be disclosed with its experts' reports pursuant to the Court's Scheduling Order and the Local Patent Rules. Solowheel also objects to Request No. 28 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege or materials covered under any applicable confidentiality agreements. Without waiving its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 29:** All documents and things concerning any alleged improved utility or advantages of products covered by the Patents-in-Suit as comparted to prior art devices.

**RESPONSE:**

Solowheel objects to Request No. 29 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 29 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 29 to the

extent it calls for a legal conclusion. Solowheel also objects to Request No. 29 under the Local Patent Rules 112.

**REQUEST FOR PRODUCTION NO. 30:** Documents sufficient to determine the number of units sold by any and all authorized sellers that are covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 30 as overbroad, unduly burdensome, and not proportional to the needs of the case. Sales of Solowheel products have nothing to do with whether or not Ninebot infringes Solowheel's patents and is therefore irrelevant and unduly burdensome. Solowheel objects to Request No. 30 as premature because discovery has just commenced in this case. The factual allegations involving reasonable royalties will be determined through consultation with experts and will be disclosed with its experts' reports pursuant to the Court's Scheduling Order and the Local Patent Rules. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 30 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 31:** Documents sufficient to determine the gross sales revenue of products sold by Solowheel that are covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 31 as overbroad, unduly burdensome, and not proportional to the needs of the case. Sales of Solowheel products have nothing to do with whether or not Ninebot infringes Solowheel's patents and is therefore irrelevant and unduly burdensome. Solowheel objects to Request No. 31 as premature because discovery has just

17

commenced in this case. The factual allegations involving reasonable royalties will be determined through consultation with experts and will be disclosed with its experts' reports pursuant to the Court's Scheduling Order and the Local Patent Rules. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 31 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to determine the profits from sales of products sold by Solowheel that are covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 32 as overbroad, unduly burdensome, and not proportional to the needs of the case. Sales of Solowheel products have nothing to do with whether or not Ninebot infringes Solowheel's patents and is therefore irrelevant and unduly burdensome. Solowheel objects to Request No. 32 as premature because discovery has just commenced in this case. The factual allegations involving reasonable royalties will be determined through consultation with experts and will be disclosed with its experts' reports pursuant to the Court's Scheduling Order and the Local Patent Rules. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 32 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 33:** For each product covered by the Patents-in-Suit and sold by Solowheel documents and things sufficient to identify: (i) Your manufacturing facilities; (ii) the current manufacturing capacity for each manufacturing facility for each model; and (iii) each storage or warehouse facility in the United States for each model and the number of units of that model normally kept in inventory at each such facility.

**RESPONSE:**

Solowheel objects to Request No. 33 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "product covered by the Patents-in-suit." Solowheel also objects to Request No. 33 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 34:** All documents and things concerning any contracts, agreements, terms and conditions between You and customers, vendors, partners, resellers, value added resellers, and other similar parties that use or have permission to use, sell, or offer to sell products covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 34 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Further, the request is overbroad in requesting documents such as "terms and conditions" and with entities that do not relate to damages, infringement, or validity. Solowheel also objects to Request No. 34 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

19

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 35:** All documents and things comparing, contrasting, and/or weighing or analyzing the relative advantages and disadvantages of products covered by the Patents-in-Suit and competing products, including the Ninebot Unicycle Products.

**RESPONSE:**

Solowheel objects to Request No. 35 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 35 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 36:** All documents and things concerning any displays or demonstrations at trade shows, meetings and conferences, worldwide, concerning products sold by Solowheel and that are coved by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 36 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 36 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to the extent the request

asks for publically available information equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 37:** All documents and things concerning any product reviews, news articles or press releases concerning products sold by Solowheel and that are coved by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 37 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 37 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to the extent the request asks for publically available information equally available to Ninebot. Solowheel also objects to the extent the request asks for publically available information equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 38:** All documents and things concerning any product reviews, news articles or press releases concerning products coved by the Patents-in-Suit or its inventor, Mr. Shane Chen.

**RESPONSE:**

Solowheel objects to Request No. 38 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 38 to the extent that it

calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to the extent the request asks for publically available information equally available to Ninebot. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 39:** All technical papers, white papers, internal memorandums, conference proceedings, book chapters, or technical presentations that include discussions, analysis, or any other content concerning products sold by Solowheel and that are covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 39 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 39 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to the extent the request asks for publically available information equally available to Ninebot.

**REQUEST FOR PRODUCTION NO. 40:** All documents and things concerning the design, operation, or properties of products sold by Solowheel that are covered by the Patents-in-Suit including without limitation all technical documents, schematics, plans, process diagrams, specifications, or the like concerning any products that you have accused or plan to accuse of infringing the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 40 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by

"covered by the Patents-in-suit." Solowheel also objects to Request No. 40 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 41:** All documents and things concerning the commercial success, commercial performance, customer satisfaction, critiques, problems, shortcomings, challenges, technical success, technical performance, financial performance, financial impact, suitability, competitive position, and market position of Solowheel products covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 41 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 41 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Solowheel further objects to this request to the extent it attempts to shift the burden of proof to Solowheel to affirmatively prove validity. A patent is presumed valid, and the party challenging the validity of a patent claim has the burden of establishing invalidity through clear and convincing evidence. Ninebot must establish invalidity before it would be appropriate to seek Solowheel's contentions as to why the asserted claims of the Solowheel Patents-in-Suit are "not obvious." Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

23

**REQUEST FOR PRODUCTION NO. 42:** All documents and things concerning Your customers using products covered by the Patents-in-Suit including surveys and feedback.

**RESPONSE:**

Solowheel objects to Request No. 42 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 42 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 43:** All documents and things concerning Your projections for sales, revenue, and profits associated with Your products covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 43 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 43 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 44:** All documents and things sufficient to show the identification of Your top 50 customers, on an annual basis for products covered by the

Patents-in-Suit as well as the following documents and things reflecting the following information with respect to these customers: (i) each such customer name and location; (ii) the total annual sales to each customer; and (iii) the contracts or agreements under which You provide products covered by the Patents-in-Suit to such customers.

**RESPONSE:**

Solowheel objects to Request No. 44 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Further, Solowheel also objects to Request No. 44 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Additionally, Solowheel objects to Request No. 44 as requesting information not kept in the ordinary course of business or requiring creation of documents not required by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 45:** All documents and things concerning the financial reports produced, maintained or run by You in the ordinary course of Your business concerning products covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel reincorporates its General Objections as if fully stated here. More specifically, Solowheel objects to Request No. 45 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 45 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 46:** All documents and things concerning annual profit and loss statements, or the like or equivalent, for Your business unit(s) and/or groups responsible for the manufacture, sale, installation, maintenance, and/or servicing of Solowheel's products covered by the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 46 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Further, Solowheel also objects to Request No. 46 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Additionally, Solowheel objects to Request No. 46 as requesting information not kept in the ordinary course of business or requiring creation of documents not required by the Federal Rules of Civil Procedure. Solowheel also objects as this request to the extent it seeks information from third parties. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 47:** All documents and things sufficient to show any third party's share, or anticipated share, in any market concerning products covered by the Patents-in-Suit and/or the electric unicycle market.

**RESPONSE:**

Solowheel objects to Request No. 47 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit." Solowheel also objects to Request No. 47 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 48:** All documents and things related to the acquisition, purchase, merger, asset purchase or equivalent activity concerning Inventist Inc. or any other Patent Holder.

**RESPONSE:**

Solowheel objects to Request No. 48 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel also objects to Request No. 48 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 49:** All documents and things concerning the product features that are most important to purchasers, or customers of Solowheel's products covered by the Patents-in-Suit when making their purchase decisions, and any analyses, evaluations, surveys, and reviews concerning such features and decisions.

**RESPONSE:**

Solowheel objects to Request No. 49 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "covered by the Patents-in-suit" or "important to purchasers or consumers". Solowheel also objects to Request No. 49 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to the extent this request seeks information from third parties.

**REQUEST FOR PRODUCTION NO. 50:** All documents and things sufficient to show the relationship of You to Your affiliates or affiliated Persons, including parent companies, subsidiaries, partnerships, joint ventures, and divisions.

**RESPONSE:**

Solowheel objects to Request No. 50 as not proportional to the needs of the case. Solowheel also objects to Request No. 50 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 51:** All documents and things concerning or relating to the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 51 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel further objects to Request No. 51 to the extent it requests production of documents with an unlimited temporal scope. Solowheel also objects to Request No. 51 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 52:** All documents and things concerning the Inventor(s) of the Patents-in-Suit, including but not limited to any communications with or concerning such Inventors or concerning such Inventors' publications, patents, articles or the like.

**RESPONSE:**

Solowheel objects to Request No. 52 as overbroad, unduly burdensome, and not proportional to the needs of the case. Shane Chen is a general inventor, and many of his

communications, publications, patents, articles, and the like have nothing to do with the patents at issue in this case. Solowheel also objects to Request No. 52 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 53:** All documents and things concerning the first public disclosure, function, and operation of any prior art devices, references, or documents, including any prior art system, reference, or document of You, a predecessor-in-interest of You, a Patent Holder, a company acquired by You, or Person or entity controlled or employed by You.

**RESPONSE:**

Solowheel objects to Request No. 53 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel is unable to decipher what Ninebot means by "prior art that relates to the Patents-In-Suit." Solowheel also objects to Request No. 53 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 53 as requesting publicly available documents equally available to Ninebot. Solowheel also objects to Request 53 as being duplicative of Request No. 9. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 54:** All documents and things concerning any non-infringing alternatives to the inventions, methods, systems, or apparatuses claimed in the Patents-in-Suit, including but not limited to the identification, availability, acceptability, and cost of using or implementing any such alternatives; the specific alterations that would be made to the such non-infringing alternative products to effectuate such alternatives; and the steps, costs, and time required to develop and implement each alternative.

**RESPONSE:**

Solowheel objects to Request No. 54 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel also objects to Request No. 54 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 55:** All documents and things concerning Your future plans for the products covered by the Patents-in-Suit including future plans for the development of any planned or contemplated improvements, additions, new features, new functionality, updates, revisions, design arounds, and alterations.

**RESPONSE:**

Solowheel objects to Request No. 55 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel also objects to Request No. 55 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 56:** All documents and things concerning the history of Your development of products cover by the Patents-in-Suit including when development began and the genesis thereof; why You decided to begin development; and the circumstances that led to the development of the alleged invention disclosed and claimed in the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 56 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it asks Solowheel to identify "all

documents" and "conception of the invention" and relates to Solowheel's products, not its patents.

**REQUEST FOR PRODUCTION NO. 57:** All documents and things concerning the circumstances under which You first became aware of the existence of the products sold by Ninebot that you have accused of infringement of the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 57 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 58:** All documents and things relating to any discussions, evaluations, or analysis regarding the Patents-in-Suit, including evaluations of the potential scope, validity, infringement, or enforceability of the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 58 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Solowheel incorporates its Patent Owner Preliminary Response from IPR2018-00134, which is publically available and was served to Ninebot.

**REQUEST FOR PRODUCTION NO. 59:** All documents and things referred to in Your initial or mandatory disclosures, and any amendments or supplements thereto.

**RESPONSE:**

Solowheel objects to Request No. 59 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 60:** Your annual reports, quarterly reports and all other periodic reports filed with the Securities and Exchange Commission (or any similar governmental entity) or presented to Your board of directors, managerial employees, investors or potential investors from August 4, 2010 to the present.

**RESPONSE:**

Solowheel objects to Request No. 60 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it asks Solowheel for irrelevant, but highly sensitive financial information. Solowheel also objects to Request No. 60 to the extent that it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. Solowheel also objects to Request No. 60 to the extent it seeks publicly available information equally available to Ninebot.

**REQUEST FOR PRODUCTION NO. 61:** All minutes, presentation materials or any other record of any meetings of Your officers or board of directors, or of any formal or informal committee or group thereof, that refer or relate to Inventist, Ninebot, Patent Holders, the Patents-in-Suit, or this case.

**RESPONSE:**

Solowheel objects to Request No. 61 as overbroad, unduly burdensome, and not proportional to the needs of the case. Solowheel also objects to Request No. 61 to the extent that

it calls for production of documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 62:** Your organizational charts sufficient to reflect Your organization and reporting structure.

**RESPONSE:**

Without waiving any of its objections, Solowheel responds as follows:

Solowheel will produce or make available any non-privileged documents responsive to this request after, and subject to, the parties signing a Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 63:** All documents and things that You claim to be relevant to the interpretation or construction of any of the claims of the Patents-in-Suit, and any document or thing undermining Your alleged constructions of the claims of the Patents-in-Suit.

**RESPONSE:**

Solowheel objects to Request No. 63 as premature. Solowheel will respond to Ninebot's request for a proposed claim construction pursuant to the deadlines set forth in the Court's Scheduling Order and the Local Patent Rules.

Dated:  September 26, 2018

Respectfully submitted,

By:  s/ Benjamin J. Hodges
Benjamin J. Hodges, WSBA #49301
Kevin Ormiston, WSBA #49835
FOSTER PEPPER PLLC
1111 3rd Avenue, Suite 3000
Seattle, WA 98110
Telephone: (206) 447-4400
Fax: (206) 749-1940
E-mail: Ben.Hodges@foster.com,
Kevin.Ormiston@foster.com

Counsel for Plaintiff Solowheel, Inc.

34

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on September 26, 2018, I caused a true and correct copy of the

foregoing to be served on all counsel of record via email.

4

5

Al Van Kampen
Van Kampen & Crowe, PLLC
1001 Fourth Avenue, Ste 4050
Seattle, WA 98154
Email: AVanKampen@VKClaw.com

6

7

8

Cameron H. Tousi
IP Law Leaders PLLC
6701 Democracy Blvd., Ste 555
Bethesda, MD 20817
Email: chtousi@ipllfirm.com

9

10

11

12

By: *s/ Benjamin J. Hodges*
Benjamin J. Hodges

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27