# EXHIBIT I

WASHINGTON, DC
1701 PENNSYLVANIA AVE., NW, STE. 300
WASHINGTON, DC 20006
DIRECT: (202) 248-5410
FAX:    (202) 318-4538

SILICON VALLEY
4 EMBARCADERO CENTER, STE. 1400
SAN FRANCISCO, CA 94111
DIRECT: (415) 766-3566

Andrew C. Aitken
ATTORNEY
V: (202) 248-5410
E: ACAITKEN@IPLLFIRM.COM
*Not admitted in CA, VA



DC METRO AREA
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
DIRECT: (301) 909-8877

BURKE VIRGINIA
5765-F BURKE CENTER PKWY, STE. 307
BURKE, VA 22015
DIRECT: (703) 250-0060

RESTON VIRGINIA
1818 LIBRARY STREET, STE. 500
RESTON, VA 20190
DIRECT: (703) 764-4969

**I P   L a w   L e a d e r s   P L L C**
A  P r o f e s s i o n a l  L i m i t e d  L i a b i l i t y  C o m p a n y

---

October 31, 2018

_Via email_

Ben Hodges
Kevin Ormiston
Foster Pepper, PLLC
1111 Third Avenue
Suite 3000
Seattle, Washington, 98101-3292

      Re: Solowheel v. Ninebot Inc., et al.
        Case No. 3:16-cv-05688-RBL

Dear Kevin and Ben:

    We write in response to your correspondence of September 28, 2018.   While we understand your concern that the production of document has been delayed, we are surprised to first learn of your complaints to our written responses to Solowheel's interrogatories and document requests which were served upon you on January 8, 2018 -- more than nine months ago.  We have been working on the collection and processing of documents from Ninebot, and these efforts have progressed for several months based upon the premise that Solowheel had acquiesced to our objections.

    Our efforts of document production and collection have been complicated by the limited command of the English language of members of the client's organization and, some of the communications and documents from the client have arrived in Mandarin, that has required us to perform some machine translation as well as consult with Chinese counsel.

    During the time the parties were involved in what we had understood was productive settlement negotiations, and in view of the absence of a protective order, we delayed portions of our production and document processing in an attempt to keep costs down for all parties.   We

Ben Hodges
Kevin Ormiston
October 31, 2017

believe the delay was reasonable in these circumstances and was implicitly acknowledged by
Solowheel in view of the lack of any communications from you.  We also provided reciprocal
extensions for Solowheel to respond to our written discovery requests in view of these putative
negotiations. In this regard, we further note that Solowheel has now provided written responses
to Ninebot' discovery requests, it has not made any production of documents.

 We are now working on the production and expect to have it substantially complete for
transmittal in the next few days assuming that the protective order or confidentiality agreement is
in place.  During this exercise we have identified some issues with the file formats that we are
now working though.  These documents primarily relate to the products specifications and
research and development materials.

In addition, in view of the time that has elapsed and the fact we made our initial
collection under the framework of our January objections, we may have to go back to the
Ninebot to update our production and supplement our search.

### 1.  "Accused Products" and Ninebot's obligations to amend its discovery responses

In connection with the substance of the issues you presently raise, we understand that you
disagree with Ninebot's limitation of the term "Accused products."  Ninebot objected to this
term because, *inter alia*, is was vague, ambiguous and misleading.  Your discovery referred to
the "Ninebot One" product. As you are aware, there are numerous different products sold under
the Ninebot One series of products, each of which was identified in our discovery responses.
Your complaint identified a single model that you accused of infringement. Further, as you are
likely aware, some of the Ninebot One models lack leg "contact surfaces," which we understand
are claimed elements of the '250 Patent.  In any event, since requests were ambiguous and
misleading, Ninebot therefore provided clarity in its responses.  In view of the ambiguity, we
made our responses clear on January 8, 2018 and you waited until September 28, 2018 to raise
the issue.

Your argument that Ninebot was obligated to amend its answers ***after*** you filed your
Amended Complaint, or ***after*** you filed the infringement contentions that you presently contend
served to *ex post facto*, define or redefine the term "Accused Products" is disingenuous and
supports that the meaning of the term lacks specificity.   If you intended to seek additional
discovery based upon new definitions and new accused products, you should have served new
requests upon Ninebot.  Ninebot's obligations to supplement discovery are governed by Rule
26(e) which provides that supplementation is necessary "if the party learns that in some material
respect the disclosure or response is incomplete or incorrect, and if the additional or corrective
information has not otherwise been made known to the other parties during the discovery process
or in writing."  Our responses were complete and correct when drafted.  The circumstances were
not changed by Solowheel's use of an elastic term and the subject of belatedly presented new
definitions.  While Ninebot will agree to supplement its responses as set forth herein, its

Ben Hodges
Kevin Ormiston
October 31, 2017

obligations are not affected by Solowheel's new definitions or the fact that it has amended its
complaint to assert new patents.

Ninebot also objected because the Solowheel's definition encompasses every component
of the "Accused Products."  The various components used in Ninebot One series of products may
also be used with other electronic powered vehicles including but not limited to multi-wheel
Segway personal transporters. Ninebot objects to providing extensive information with respect to
each of the components used in its products that are not relevant to the subject matter of this
lawsuit.

In connection with the various authority you cite in your argument for a broad scope of
discovery, we observe that the dates of the case cited predate the amendments of the Federal
Rules in 2015 and are therefore inapposite.  Under the applicable rules, discovery is limited to the
subject matter that relevant to any parties claim or defense and proportional to the needs of the
case.

Notwithstanding our objections, Ninebot has agreed to provide cost information, and
sales information and product specifications for each of the Ninebot One models that it has sold in
the US.  We believe that this is a reasonable compromise.

**2.  Ninebot's proportionality objections.**

Ninebot disagrees with Solowheel's contention that its objections based upon
proportionality are improper.  As reflected by Ninebot's production [Numbers that 699-701] that
summarize sales of all the Ninebot One models, Ninebot's annual gross revenue from sales of
Ninebot One series of unicycle products in the US were not significant in the context of the costs
and fees with this lawsuit.  A reasonable royalty on such sales would be a small fraction of the
gross revenue.  Furthermore, we understand that many of the documents sought by Solowheel
are in Chinese and the translation costs alone could amount to tens of thousands of dollars.

 We had thought that such sales information may been shared with Solowheel by Ninebot
during settlement discussions, and frankly, believed the case was moving towards settlement in
view of the value of the case.  If you did not have this information, we understand that you
would not have had the ability to understand and appreciate our proportionality objections.  In
view of the production made this week, we ask you to reconsider your position.

**3.  Ninebots Response to "Other issues" (including Interrogatory No. 4)**

Our objection with respect to the term "Shane Chen's product, patents, or technology"
reflects that the term is ambiguous. It is not the responsibility of Ninebot to investigate the scope
and content of Shane Chen's intellectual property portfolio. While, Ninebot understands that
Chen was the inventor named in the '250 Patent, the Inventist website refers to other products
such as the "Powerwing" and "Aquaskipper" products which would appear to have no relevance
to the subject matter of the claims or defenses in this dispute.   In any event, it is not the

Ben Hodges
Kevin Ormiston
October 31, 2017

responsibility of Ninebot to perform such research to answer Solowheel's discovery requests or to guess the scope of information sought.

In connection with the '250 patent, it is our understand that the Shane Chen's … "technology" involved removing the prongs of a padded-U shaped guide member disclosed by Simeray electric unicycle. While Simeray's guide member included surfaces that allowed the engagement of the front and rear surfaces of legs of user, Chen's technology used a different shaped padded member on the lateral sides of an electric unicycle. Other than this understanding, we do not know what "technology" you refer to in your requests and accordingly, we have appropriately objected and limited our responses.

**Ninebot's Response to Requests 4, 6-18, 20, 21, 24-27, 29-32, 34, 37-40, 42, 44-46, 48-52, 54, 56-59, 67, 69.**

In connection with the document Requests identified above, we do not understand what aspect of these responses that you have a problem apart from the delay in the production.  As discussed above, many of the responsive documents are internal confidential documents and we have withheld production pending the completion of a confidentiality agreement or protective order. If there are specific issues with our objections, we suggest that we have a phone call to discuss any remaining issues.

**Ninebot's Response to Request 19**

Because your request No. 19 encompassed every component of the "accused products," Ninebot objected to the scope of the request. We believe that the request could be construed to encompass every document at Ninebot that in any way references any of the Ninebot One models or product components because it includes "internal memorandums" and "other content" relating to the "accused products."  Ninebot maintains it objections. The request does no give Ninebot adequate guidance to allow it to make a reasonable search for responsive materials. Notwithstanding this objection, Ninebot will agree to provide any technical papers, white papers, book chapters and technical presentation that refers to any of the Ninebot One series of products.

**Ninebot's Response to Request 55**

Ninebot's objections to Request No. 55 again relate to Solowheel's erroneous use of the term "Ninebot One" which does not refer to a specific product or product model but a refers to a series of different products, with the shared attribute of being one-wheeled transport vehicles.

**Ninebot's Response to Requests 64 and 65**

Ninebot objected to the production of any documents responsive to these requests based on privilege. Ninebot will provide a privilege log if any responsive documents are located.

Ben Hodges
Kevin Ormiston
October 31, 2017

## <u>NINEBOT' S ANSWERS TO INTERROGATORIES</u>

### Ninebot's Answers to Interrogatories 2, 3, 4, 7, 8, 9,10, 11 and 13.

In connection with Interrogatories 2, 3, 4, 7, 8 and 9, Ninebot will provide the bates numbers to documents that provide the information.

In connection with Interrogatory No. 2, Ninebot's sales, responsive documents may be found from Bates Number 000451 through 000701.

In connection with Interrogatory No. 3, Ninebots development timeline for the Ninebot One project will be provided, along with relevant communication among Ninebot's team members. The Bates Numbers for these documents will be identified.

In connection with Interrogatory No. 4, any communications with third parties that reflect or document both Shane Chen and the '250 patent, and/or both Inventist and the '250 Patent that are unrelated to the ITC proceeding cited above will be provided. To date, it is our understanding that Ninebot has not located any responsive documents that predated the lawsuit.

In connection with Interrogatory No. 7, Ninebots will provide any cost information as it has agreed and will provide the corresponding Bates numbers.

I connection with Interrogatory No. 8, the following persons have knowledge of the Ninebot One products and product developments: Wang Ye, Zhang Hui, Chen Zhongyuan, Wei Wei, Qiao Wanyang, Chai Fuhua, Liu Lei, Wang Huanqing. We will provide exemplary Bates numbers that reference these persons.

In connection with Interrogatory No. 9, responsive documents may be found, *inter alia,* from Bates Number 0000451 to 000701.

In connection with Interrogatory No. 10, without waiving its objections with respect to its obligation to amend discovery as set forth above, Ninebot will identify the date on which it became aware of the additional patents identified in the Amended Complaint.

In connection with Interrogatory No. 11, without waiving its objections with respect to its obligation to amend discovery as set forth above, Ninebot will agree to supplement its answers when claim construction has been completed with respect to the patent claims and models that Solowheel has accused of infringement.

In connection with Interrogatory No. 13, without waiving its objections with respect to its obligation to amend discovery as set forth above, Ninebot will agree to supplement its answer.

Ben Hodges
Kevin Ormiston
October 31, 2017


    We are available to further discuss any remaining issues but believe that it may be more productive to complete a mutually acceptable Protective Order, commence further document production, and then the parties will be in a better position to assess the scope and content of the production.


                                        Very truly yours,


                                        Andrew C. Aitken