The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INVENTIST, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>NINEBOT INC. (USA), D/B/A NINEBOT U.S., INC.; NINEBOT (TIANJIN) TECHNOLOGY CO., LTD.; NINEBOT, INC. (China),<br><br>  Defendants. | NO. 3:16-cv-05688-BJR<br><br>**DEFENDANT NINEBOT'S MOTION FOR RECONSIDERATION AND TO SUPPLEMENT THE RECORD** |

Defendant Ninebot (Tianjin) Technology Co., Ltd. ("Ninebot"), by and through counsel, submits this Motion for Reconsideration and to alter or amend the Court's partial summary judgment order dated January 18, 2023. (Dkt. 154). In addition, Ninebot seeks to supplement the record with an assignment of design patents US No. D729698 (the "'698 Patent") and US No. D673081 (the "'081 Patent") from Inventist to Solowheel (the "Design Patents"), dated September 30, 2017.

## I.   STATEMENT OF FACTS

This is a patent case relating to self-balancing unicycles ("SBUs") in which Plaintiff has asserted its Utility Patent No. 8,807,259 (the '250 Patent) and the Design

Defendant Ninebot's Motion for Reconsideration and to
Supplement the Record - 1
Case No. 3:16-cv-05688-BJR

**VAN KAMPEN & CROWE PLLC**
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

Patents.

Plaintiff Inventist filed its original complaint on August 4, 2016 (Dkt. 1) and asserted infringement of the '250 Patent.

On December 21, 2017, Plaintiff Inventist filed it motion to substitute Plaintiff Solowheel Inc. ("Solowheel") as the Plaintiff in the case. (Dkt. 26). In support of its motion, Inventist submitted the declaration of Mr. Shane Chen (Dkt. 27) and the assignment of the '250 Patent from Inventist to Solowheel dated November 21, 2017. (Dkt. 27, Ex. 1). In this regard Mr. Chen and Solowheel created a venture on August 3, 2017, wherein Mr. Chen agreed to assign his portfolio of patents that related to self-balancing wheeled vehicles to his partner, Solowheel. (Dkt. 133).

The November 21, 2017, assignment of the '250 Patent from Inventist to Solowheel specifically assigned "all claims for damages by reason of past and future infringement of the inventions …. and the right to sue and collect damages for such infringement . . . ." *Id.* Further, Mr. Chen affirmatively represented that, after the assignment, "Inventist has no present interest in the '250 Patent and has no interest in the outcome of this litigation." (Dkt. 27).

The motion to substitute was granted on December 26, 2017. (Dkt. 28).

On March 7, 2018, Solowheel filed its Amended Complaint to assert infringement of its Design Patents. (Dkt. 38).

Solowheel had acquired rights to the Design Patents from Inventist by an assignment dated September 30, 2017, which was duly recorded in the Patent and

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 2
Case No. 3:16-cv-05688-BJR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

Trademark Office. Ex. 1 to the attached Aitken Declaration. The September 30, 2017 assignment of the design patents from Inventist to Solowheel also specifically included "all claims for damages by reason of past and future infringements." *Id.* The language of the assignment is provided below:

> NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, ASSIGNOR hereby assigns and transfers to ASSIGNEE the entire right, title, and interest in and to the Patents and related inventions, including all improvements, variations, derivations and inventive subject matter directly or indirectly related to the Patents, the right to claim priority to the Patents, and all provisional or nonprovisional patent applications or issued patents that have been or may be granted thereon, including without limitation all reissues, divisions, continuations, continuations in part, and extensions of the Patents, or any other form of protection for the inventions related to the Patents, in the United States and foreign countries; all rights of action arising from the inventions and all applications and patents on the inventions; all claims for damages by reason of past and future infringement of the inventions and all applications and patents on the inventions, and the right to sue and collect damages for such infringement; all of the foregoing assigned rights

*Id.*

As set forth in Ninebot's Motion for Partial Summary Judgment (Dkt. 122), Solowheel eventually changed its name to Future Wheel Technologies, Inc. ("Future Wheel") and the patents-in-suit were assigned back to Mr. Chen. However, as this Court has found, when Future Wheel assigned the '250 and '081 patent-in-suit back to Chen on March 2, 2019, and the '068 Patent on September 19, 2019, it did not include the right to sue for damages for past infringement. Dkt. 154; Dkt. 124, Ex. 5 to Aitken Declaration.

As such, when Mr. Chen assigned patents-in-suit back Inventist -- which included

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 3
Case No. 3:16-cv-05688-BJR

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

the right to sue for past damages -- his rights for past damages were limited to the time period from the date he acquired the patents from Future Wheel. And consequently, Inventist's rights to sue for all past damages are therefore also limited to the time period after March 2, 2010, for the '250 and '081 Patents and after September 19, 2019, for the '068 Patent.

Notwithstanding the foregoing, in its Memorandum Opinion and Order dated January 18, 2023 (Dkt 154), the Court denied Ninebot's motion for summary judgment with respect to the time period that predated August 3, 2017, the date of the Operating Agreement that governed the Solowheel Joint Venture. (Dkt 133).

Ninebot submits that the Court's reliance on the Operating Agreement to deny Ninebot's motion and its assumption that Inventist had standing to pursue damages for this time period was error and is inconsistent with an actual assignment of record.  In addition, it is also inconsistent with the additional assignment for the Design Patents filed herewith.  Accordingly, Ninebot respectfully seeks reconsideration of the Court's Order and findings.  Reconsideration and amendment of the Order also would conserve judicial resources because there would only remain at issue damages for a small number[1] of devices that were sold by Ninebot in 2019 that Inventist claims infringe its Design Patents.

---

[1] *See* Exhibit 7 to the Declaration of Yang (Dkt. 123) reporting Ninebot's gross revenue of US $78,000 and net profit of $23,000 from sales of the Ninebot One S1 in 2019 (These figures were converted to US Dollars from Chinese Yen).  Therefore, if this motion were granted, then Plaintiff's damages claim would be limited to $23,000 or less, and this case will likely be settled.

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 4
Case No. 3:16-cv-05688-BJR

**VAN KAMPEN & CROWE PLLC**
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

## ARGUMENT

The Court's Order granting partial summary judgment in favor of Defendant was an interlocutory order. *See* Fed. R. Civ. P. 54(b).  Although motions to reconsider interlocutory orders are not expressly contemplated by the Federal Rules of Civil Procedure, reconsideration motions are governed by Federal Rule of Civil Procedure 60 and local rule W.D. Wash. LCR 7(h).  LCR 7(h) provides:

> *Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.*

Ninebot's motion to reconsider is predicated both on manifest error and also relies in part on new evidence in the nature of an assignment of the Design Patents which was not brought before the Court notwithstanding the exercise of reasonable diligence.

### A. Allowing Inventist to Seek Damages Before August 3, 2017, Would be Manifest Error

1. First, it is submitted that the Court's denial of Ninebot's motion with respect to Inventist's claim for damages that predated August 3, 2017, is contrary to the assignment of record of the '250 Patent that transferred all of Inventist's rights, including the right to sue for past infringement, to Solowheel. (Dkt. 27).  It also is contrary to the Declaration of Mr. Chen who in support of Inventist's motion to substitute, represented to the Court that Inventist no longer had any interest in the '250 Patent. (Dkt. 27).

2. Second, the Court's reliance on the Operating Agreement to establish Inventist's transfer of the patent rights to Solowheel and reservation of rights for past

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 5
Case No. 3:16-cv-05688-BJR

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

damages was manifest error.  Under governing Federal Circuit precedent, the Operating Agreement is not a valid assignment of patent rights as required under 35 U.S.C. § 251 to establish patent ownership because it does not use the present tense of an assignment. Rather, it is merely an agreement to assign in the future.  *See Stanford University v. Roche Molecular Sys.,* 563 U.S. 776, 781, 784 (2011) (holding language "will assign and do[es] hereby assign" effective to assign patent but language that states "agree[d] to assign" was not an effective assignment). *See also SiRF Tech v. ITC,* 601 F.3d 1319, 1326 (Fed. Cir. 2010) ("agrees to and does hereby grant and assign" provides for automatic assignment ); *DDBTechs., L.L.C. v. MLB Advanced Media, L.P*., 517 F.3d 1284, 1289-90 n. 3 (Fed. Cir. 2008) (finding automatic assignment where the agreement used "the present, automatic" language "agrees to and does hereby grant and assign").

The language of the Operating Agreement includes the following relevant language:

- Party B (Chen) intends to invest the ownership of the Proposed Patents." Dkt. 133, Ex. A and later at p, 9.

> (2) Party B shall transfer the patents being registered or obtained in America, of the Proposed Patents, to the American company designated by Party A, and the patents being registered or obtained outside America, of the Proposed Patents, to the Joint Venture in full and handle the transfer registration formalities before <u>October 1st, 2017</u>.

Such language is not effective to assign the patents and Inventist cannot rely on the agreement to establish either patent standing or the right to sue for past infringement.

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 6
Case No. 3:16-cv-05688-BJR

**VAN KAMPEN & CROWE PLLC**
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

The only assignments of record that relate to the Design Patents are those submitted in support of Defendant's Motion for Summary Judgment (Dkt. 124, Ex. 5), and these do not include the right to sue for past infringement. Moreover, the fact that Mr. Chen was not required to transfer the right to sue for past damages is not evidence that such rights were retained, because he had previously assigned them to Solowheel.

Ninebot has presented a *prima facie* case that Inventist lacked standing to pursue a claim for damages prior to the Future Wheel assignment and shifted the burden of persuasion to Plaintiff to establish standing to sue for past damages. Plaintiff has not, and cannot, come forward with sufficient evidence to show it retained such a residual right. If Plaintiff is permitted to pursue past damages at trial, it would have to show that it had standing to assert this claim – which it cannot establish. As such, the Court should reconsider its order and grant Defendant's motion for partial summary or judgment and limit Plaintiff's claim for damages to the time period that started after the Future Wheel assignments.

3. Alternatively, the Court should reconsider its holding in view of the new supplemental evidence presented, namely the new assignment record relating to the Design Patents. (Exh.1 to Aitken Declaration). While these records were public and therefore available to Defendant, Defendant should not have reasonably anticipated that it would need to prove the absence of Inventist's standing to purse past damages once it raised the standing issue. Plaintiff bears the burden to establish standing with the appropriate degree of evidence at each successive stage of litigation. *See Lujan v.*

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 7
Case No. 3:16-cv-05688-BJR

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

*Defenders of Wildlife,* 504 U.S. 555, 561 (1992).  The plaintiff bears the burden of persuasion to show it has standing.  *See Sicom Sys., Ltd. v. Agilent Techs., Inc*., 427 F.3d 971, 976 (Fed.Cir. 2005); *Kehr Packages, Inc. v. Fidelcor, Inc.* , 926 F.2d 1406, 1409 (3d Cir. 1991).  The Federal Circuit has consistently required that standing exist upon initiation of a patent lawsuit and be maintained throughout the case. *See, e.g., Alps South LLC v. Ohio Willow Wood Co*., 787 F.3d 1379, 1384-86 (Fed. Cir. 2015); *Abraxis Bioscience Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010).

Nor should Defendant have reasonably anticipated that Plaintiff would attempt to pursue damages claims that are in contravention and inconsistent with its patent assignments.  Plaintiff never argued or contended that it should be free to pursue a claim for damages for the time period prior to its Joint Venture with Solowheel.  Rather, the issue of whether Inventist could seek damages for infringement before the date of the Operating Agreement was advanced by the Court *sua sponte*.  Defendant Ninebot should therefore be able to supplement the record with the additional assignment record.

In summary, while the Court was correct in its finding that the Operating Agreement did not ***require*** Mr. Chen to assign the right to sue for past damages of the '250 Patent or the Design Patents, it is clear and undisputed that Mr. Chen had actually assigned these rights to Solowheel.  Mr. Chen was a member of the joint venture and it was in his financial interest to have the Joint Venture take over the pending lawsuit, including the right to sue for past damages and to generally monetize his inventions.

The Court apparently assumed that, because the Operating Agreement did not

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 8
Case No. 3:16-cv-05688-BJR

**VAN KAMPEN & CROWE PLLC**
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

require the assignment of the right to sue for past damages, that these rights had never been assigned. However, that assumption is incorrect. Inventist clearly transferred to Solowheel and did not retain any rights to sue for damages for infringements occurring during the time period that predated the formation of the Joint Venture on August 3, 2017.

## CONCLUSION

Defendant respectfully requests that the Court amend the Memorandum and Order of Partial Summary Judgment to reflect that Plaintiff cannot pursue any damages claims that predate the 2019 assignments from FutureWheel to Mr. Chen.

Respectfully submitted this 31st day of January, 2023.

/s/ *Al Van Kampen*

Al Van Kampen, WSBA No. 13670
VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
Phone: (206) 386-7353
*A.Van.Kampen@VKClaw.com*

Michael C. Whitticar, *pro hac vice*
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Telephone: (571) 386-2980
www.novaiplaw.com
*mikew@novaiplaw.com*

Andrew C. Aitken, *pro hac vice*
Justin I. King*, pro hac vice*
8230 Boone Blvd., Suite 405
Vienna, VA 22182
703-639-0151

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 9
Case No. 3:16-cv-05688-BJR

**VAN KAMPEN & CROWE PLLC**
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825

Acaitken@wpat.com
Jking@wpat.com

Counsel for Defendant
Ninebot (Tianjin) Technology Co., Ltd.

## SERVICE

I hereby certify that on January 31, 2023, a copy of the foregoing motion was filed with the Court's CM/ECF system which will send notification of such filing to the following counsel of record:

Benjamin J. Hodges
Christopher G. Emch
Margaret S. Sholian
Bianca G. Chamusco
Foster Garvey PC
1111 Third Avenue, Suite 3000
Seattle, WA  98101
Telephone: (206) 447-4400
Fax: (206) 749-1940
E-mail:   *Ben.Hodges@foster.com*
              *Chris.Emch@foster.com*
              *Maggie.Sholian@foster.com*
              *Bianca.Chamusco@foster.com*
*Counsel for Inventist, Inc.*

/s/ *E. Birch Frost*
E. Birch Frost

---

Defendant Ninebot's Motion for Reconsideration and to Supplement the Record - 10
Case No. 3:16-cv-05688-BJR

**VAN KAMPEN & CROWE PLLC**
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
Tel: (206) 386-7353
Fax: (206) 405-2825