The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

INVENTIST, INC.,

    Plaintiff,

v.

NINEBOT, INC. (USA) D/B/A NINEBOT U.S., INC.; NINEBOT (TIANJIN) TECHNOLOGY CO., LTD; NINEBOT, INC. (CHINA),

    Defendants.

Case No. 3:16-cv-05688-BJR

**INVENTIST, INC.'S MOTION FOR RECONSIDERATION**

**NOTE FOR MOTION CALENDAR: FEBRUARY 1, 2023**

## I.    INTRODUCTION

The portion of this Court's January 18, 2023 Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (Dkt. # 154) regarding Inventist's right to sue for past damages is based on the premise that Shane Chen did not validly assign the right to sue for past infringement when he assigned his rights in the '250, '081, and '068 patents to Inventist. The Court found that he could not convey what he did not have. Dkt. # 154 at 18. The Court's opinion was based on an assignment to Mr. Chen after Mr. Chen's joint venture dissolved. While Mr. Chen and his joint venture partner did not believe that any additional assignment was necessary, in light of the Court's ruling on summary judgment, Mr. Chen and his former joint venture partner subsequently entered into a

*nunc pro tunc* supplemental patent assignment that clarified the parties' original intent that Mr. Chen (and now Inventist) have the full right to sue for all damages, past and present. These new facts warrant reconsideration of the Court's Order that Inventist lacks the right to sue for past infringement.

## II.   MOTION FOR RECONSIDERATION STANDARD

Under Local Civil Rule 7(h)(1), courts may reconsider a prior ruling based on a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Reconsideration of this Court's prior Order is appropriate considering new facts—namely, a *nunc pro tunc* supplemental patent assignment—that occurred after entry of the Order. *See Tric Tools, Inc. v. TT Techs., Inc.*, No. 12-CV-3490 YGR, 2012 WL 6087483, at *1 (N.D. Cal. Dec. 6, 2012) (granting motion for reconsideration based on facts arising after entry of order). This could not have been brought to the Court's attention earlier because neither Mr. Chen nor his former joint venture partner had believed any further assignment was needed to effectuate their intent, so no *nunc pro tunc* assignment had been signed previously. Declaration of Shane Chen in Support of Inventist's Motion for Reconsideration ("Chen Decl.") ¶ 6.

## III.   NEW FACTS

This Court previously found that Mr. Chen acquired from Future Wheel Technologies, Inc. the rights to the '250 and '081 patents on March 2, 2019, and the rights to the '068 patent on September 19, 2019. Dkt. # 154 at 16. Because those assignments did not expressly include the right to sue for past infringement, the Court found that Mr. Chen could not assign the right to sue for any infringement that occurred between the date the joint venture was created (August 3, 2017) and the date Mr. Chen assigned the patent rights to Inventist ("Joint Venture Period"). *Id.* The Court therefore held that Inventist lacks standing to assert claims for infringement that occurred between August 3, 2017, and March 2, 2019 (for the '250 and '081 patents) and between August 3, 2017, and September 19, 2019 (for the '068 patent). *Id.* at 18.

A few days after entry of the Order, Mr. Chen and his former joint venture partner executed a *nunc pro tunc* supplemental patent assignment to correct the drafting error that omitted express mention

of the right to sue for past infringement from the previous Future Wheel assignments. Chen Decl. ¶¶ 2, 5–6. The supplemental assignment confirms that the joint venture, in the form of Future Wheel, always intended to assign to Mr. Chen the right to sue for past infringement when it assigned him the other rights in the '250, '081, and '068 patents. *See* Chen Decl. ¶ 5 & Ex. A. This motion for reconsideration is based on that supplemental assignment.

### IV.   ARGUMENT

In finding that Inventist lacked standing to recover monetary damages for patent infringement that occurred during the Joint Venture Period, the Court did not distinguish between Article III and prudential standing. *See* Dkt. # 154 at 15–18. But the distinction matters: when the dispute is not *whether* the plaintiff has claimed an injury that might entitle it to lost profits damages but rather the *extent* of the injury, any defect in standing is prudential and curable, not constitutional and jurisdictional. *See Stryker Corp. v. Zimmer Inc.*, No. 1:10-CV-1223, 2013 WL 6231533, at *3 (W.D. Mich. Aug. 7, 2013), *vacated in part on other grounds*, 837 F.3d 1268 (Fed. Cir. 2016); *Nellson N. Operating, Inc. v. Elan Nutrition, LLC*, No. 2:02-CV-304, 2008 WL 11350291, at *7 (D. Vt. Dec. 19, 2008); *Positive Techs., Inc. v. LG Display Co., Ltd.*, No. CIV. 2:07 CV 67, 2008 WL 4425372, at *2–3 (E.D. Tex. Sept. 24, 2008); *see also Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. CIV.A. 2:07-CV-468, 2009 WL 2460985, at *5–6 (E.D. Tex. Aug. 10, 2009); *Lucent Techs. Inc. v. Gateway, Inc.*, No. CIV 02CV2060-B CAB, 2007 WL 1306535, at *4 (S.D. Cal. Apr. 27, 2007).

Because prudential standing defects can be cured—and because new facts reveal that Inventist did cure its prudential standing defect by *nunc pro tunc* assignment—the Court should reverse its prior decision on Inventist's standing and deny Defendant's motion for summary judgment on that point.

### A.   Inventist's Constitutional Standing Is Not in Dispute

Defendant did not argue, and this Court did not find, that Inventist lacks *constitutional* standing—and rightly so. There can be no serious dispute that Inventist had standing to assert its claims when it filed its original complaint on August 4, 2016. *See Keene Corp. v. United States*, 508 U.S. 200, 207

(1993) (Article III standing "depends upon the state of things at the time of the action brought") (citation omitted); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 n.5 ("[S]tanding is to be determined as of the commencement of suit."); *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 n.3 (Fed. Cir. 2010) (standing is assessed at the time of the original complaint, even if the complaint is later amended); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*.") (emphasis in original). Because Inventist had legal title to the '250 patent on the day it filed the action, it has constitutional standing to sue for patent infringement.

**B.     Inventist Cured Any Prudential Standing Defect By *Nunc Pro Tunc* Assignment**

Alongside the "constitutional minimum of standing" mandated by *Lujan*, "standing doctrine embraces judicially self-imposed limits, known as prudential limits, on the exercise of jurisdiction." *Lujan*, 504 U.S. at 560; *Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1348 (Fed. Cir. 2001). Unlike Article III standing, defects in "prudential" or "statutory standing" do not implicate a court's subject matter jurisdiction. *Lone Star*, 925 F.3d at 1235 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)). The Federal Circuit has thus repeatedly held that prudential standing defects may be cured by post-filing activity. *See, e.g.*, *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1133–34 (Fed. Cir. 1995) (allowing post-filing intervention by patent owner whose joinder was required for statutory standing); *Intell. Prop. Dev.*, 248 F.3d at 1348 (patent owner may be joined by an exclusive licensee where exclusive licensee has constitutional standing at time of filing); *see also Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203–04 (Fed. Cir. 2005) (noting that where plaintiff has constitutional standing at time of filing, even jurisdictional defects can be cured before final judgment).

The *nunc pro tunc* supplemental patent assignment cured any lapse in Inventist's statutory standing. In its Summary Judgment Order, the Court held that Inventist lacks standing because Mr. Chen's October 21, 2019, assignment to Inventist of the right to sue for past infringement was defective; though he and his former joint venture partner intended to assign the right, the Court found that he did

not actually possess what he purported to assign. *See* Dkt. # 154 at 18. But by retroactively conforming the writing to the parties' original intent, the supplemental assignment closes the gap. It clarifies that Mr. Chen *did* possess the right to sue for past infringement on the day he assigned the right to Inventist. Chen Decl. ¶¶ 5–6 & Ex. A. That is enough to cure Inventist's prudential standing defect. *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998) (holding that a *nunc pro tunc* supplementary assignment of the right to sue for past infringement was effective to convey the right); *Nellson N. Operating, Inc.*, 2008 WL 11350291, at *7 (holding that a *nunc pro tunc* assignment of the right to sue for past infringement validly conveyed prudential standing to pursue past damages where standing was proper at the beginning of suit); *see also Positive Techs., Inc.*, 2008 WL 4425372, at *2–3 (holding that a *nunc pro tunc* reassignment of the right to sue for past infringement closed the gap in plaintiff's legal title and cured its prudential standing defect); *Parallax Grp. Int'l, LLC v. Incstores.com, LLC*, No. SACV 16-00929-AG (DFMx), 2017 WL 3017059, at *3 (C.D. Cal. Jan. 25, 2017) (indicating that a retroactive express assignment of the right to sue for past infringement would suffice to cure the gap in plaintiff's prudential standing).

While it is true that the Federal Circuit has held that *nunc pro tunc* assignments are not sufficient to confer retroactive constitutional standing, that is not the issue here. *See Mas-Hamilton Grp.*, 156 F.3d at 1211 (quoting *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998)). In *Enzo*, the plaintiff had *no* exclusionary rights in the patent when it filed suit, *see* 134 F.3d at 1094, so its lack of standing was jurisdictional. The same was true in *Gaia*, *Messagephone*, *Alps South*, and *Abraxis*. *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 779–80, *amended on reh'g in part*, 104 F.3d 1296 (Fed. Cir. 1996) (observing that "[a]s a general matter, parties should possess rights before seeking to have them vindicated in court" (quoting *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995))); *Messagephone, Inc. v. SVI Sys., Inc.*, 243 F.3d 556 (Fed. Cir. 2000) (nonprecedential), *as amended on denial of reh'g* (Dec. 13, 2000) ("[A] *nunc pro tunc* assignment executed after filing of a lawsuit cannot retroactively cure standing that was *deficient at the time of filing*.") (emphasis added); *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1384 (Fed. Cir. 2015)

(holding that a *nunc pro tunc* agreement may not cure a standing defect that existed *when the suit was initiated*); *Abraxis*, 625 F.3d at 1366 (holding that plaintiff lacked standing because it "was required to have legal title to the patents *on the day it filed the complaint* and that requirement cannot be met retroactively") (emphasis added). Together, these cases stand for the rather unremarkable proposition that a *nunc pro tunc* assignment cannot *create* standing that never existed in the first place—an issue not present in this case.

In this case, as in *Mas-Hamilton*, standing was proper at the time the original complaint was filed. *Mas-Hamilton Grp.*, 156 F.3d at 1211. "Hence operation of the supplemental assignment is not being used to cure deficient [constitutional] standing." *Id.* Given the supplemental assignment's retroactive effect, "there was no need for [Future Wheel] to include such an express grant" of the right to sue for past infringement in its original assignments to Mr. Chen. *Positive Techs., Inc.*, 2008 WL 4425372, at *3. Inventist has standing to recover damages for infringement that occurred during the Joint Venture Period.

## V. CONCLUSION

In light of the new facts set forth above, the Court should reverse its prior Order granting Defendant's motion for summary judgment on the issue of Inventist's standing to sue for infringement occurring during the Joint Venture Period.

1   RESPECTFULLY SUBMITTED this 1st day of February, 2023.

2                                                          FOSTER GARVEY PC

4                                                  By _____
5                                                      Ben Hodges, WSBA #49301
                                                       Bianca Chamusco, WSBA #54103
6                                                      Yeli Zhou, Pro Hac Vice Admitted
                                                       Christopher G. Emch, WSBA #26457
7                                                      Margaret S. Sholian, WSBA #51444
                                                       1111 3rd Ave, Suite 3000
8                                                      Seattle, WA 98101
                                                       Telephone: (206) 447-4400
9                                                      Email: Ben.Hodges@foster.com
                                                              Bianca.Chamusco@foster.com
10                                                            Yeli.Zhou@foster.com
                                                              Chris.Emch@foster.com
11                                                            Maggie.Sholian@foster.com

                                                   *Counsel for Plaintiff Inventist, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Al Van Kampen
Van Kampen & Crowe, PLLC
P.O. Box 33632
Seattle, WA 98133
Email: AVanKampen@VKClaw.com

Michael C. Whitticar
NOVA IP LAW PLLC
155 Broadview Ave, Ste 200
Warrenton, VA 20186
Email: Mwhitticar@wpat.com

By: *s/ McKenna Filler*
McKenna Filler, legal practice assistant