The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INVENTIST, INC.,

Plaintiff,

v.

NINEBOT, INC., *et al.*,

Defendants.

NO. 16-cv-5688

**ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE MR. DONALD L. RILEY**

## I. INTRODUCTION

Currently pending before the Court is Plaintiff's motion in limine to exclude the testimony of Defendants' expert, Donald L. Riley, who opines that Defendants' designs do not infringe Inventist's design patents.[1]  ECF No. 167.  Defendants oppose the motion, ECF No. 175, and Plaintiff has filed a reply, ECF No. 180.  Having reviewed the materials, the record of the case, and the relevant legal authorities, the Court will grant Plaintiff's motion.  The reasoning for the Court's decision follows.

---

[1] Also pending is Plaintiff's renewed motion to exclude Defendants' expert on damages, Dr. Stan V. Smith, ECF No. 165, which will be resolved separately.

ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE MR. DONALD L. RILEY

- 1

## II. BACKGROUND[2]

Plaintiff Inventist sued Defendant Ninebot, Inc. and its affiliated companies alleging infringement of U.S. Patent No. 8,807,250 (the "'250 Patent"), and U.S. Design Patent Nos. D729698 (the "'698 patent") and D673081 (the "'081 patent"). By the Court's Order on the parties' motions for summary judgment, the Court held that Ninebot's first-generation products infringe the '250 Patent, but Ninebot's second and third generation products do not infringe the '250 Patent. SJ Order, ECF No. 154. The Court struck Ninebot's invalidity defenses. *Id.* The Court also held that infringement of the design patents will be a question for the jury to decide. *Id.* After ruling on the summary judgment motions, the Court struck as moot Inventists' motions to exclude the testimony of Defendant's experts "with leave to re-file and re-brief the motions in light of the Court's summary judgment order." ECF No. 155. Inventist now renews its motion and seeks to exclude Ninebot's expert's testimony on design patent infringement.

## III. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). By ruling in limine, the court "gives counsel advance notice of the scope of certain evidence" before trial. *Id.* at 1111-12. However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008); *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001). Evidence should be excluded

---

[2] Because the parties are quite familiar with the background of this case, the court provides only a brief background to aid in understanding its decision on this issue. For more detail, *see* Order Granting Plaintiff's Motion for Summary Judgment; Granting in Part and Denying in Part Defendant's Motion for Summary Judgment; Denying in Part Defendant's Motion in Limine, ECF No. 154.

ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE MR. DONALD L. RILEY
- 2

pursuant to a motion in limine only when it is "inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### IV. DISCUSSION

Federal Rule of Evidence ("FRE") 702 requires trial courts to ensure that expert testimony is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial courts "have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152. The proponent of an expert's testimony bears the burden of demonstrating that the testimony is admissible. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993) (noting that the party offering expert testimony bears the burden of proving admissibility by a preponderance of the evidence).

.FRE 702 provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Ninebot intends to offer Mr. Riley's testimony opining that its products do not infringe the asserted design patents. Defs.' Opp'n 2, ECF No. 175. Mr. Riley's testimony includes an opinion that most of the features of Inventist's cycle are functional elements that would not be considered part of a design, including the wheel, wheel cover, other protective coverings, handle, and foot

supports.³ *Id.* Defendants assert that there are two tests for design infringement, discussing a "second" test called the "point of novelty test" as a factual inquiry to be undertaken by the jury. *Id.* at 3. Specifically, Mr. Riley proffered the following testimony:

> Here, there are few, if any design elements to compare. When the functional features are removed, there are few or no design elements remaining of the Solowheel cycle design. The only arguable design elements appear to be the design of the wheel cover on its side. Here, when these are compared, there is little or no design resemblance. Accordingly, it is my opinion that the Ninebot designs do not infringe either of the design patents at issue.

*Id.* at 4.

The Court agrees with Plaintiff that Mr. Riley's proffered testimony does not comport with the proper legal test for design patent infringement. As stated by the United States Court of Appeals for the Federal Circuit:

> A design patent is infringed "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other."
>
> . . . .
>
> [T]he fact finder must apply the ordinary observer test by comparing similarities in overall designs, not similarities of ornamental features in isolation. An element-by-element comparison, untethered from application of the ordinary observer inquiry to the overall design, is procedural error.

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (other citations omitted)). In *Egyptian Goddess*, the court distinguished the "point of novelty" test and the "ordinary observer

---

³ The Court notes that the parties have previously generally agreed that the relevant ornamental features of their products are the wheel cover and handle. *See* SJ Order 25.

ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE MR. DONALD L. RILEY

- 4

1  test" and held "that the 'point of novelty' test should no longer be used in the analysis of a claim of

2  design patent infringement." 543 F.3d at 678.  The ordinary observer test was first articulated in

3  *Gorham Mfg. Co. v. White*, 81 U.S. 511 (1871) and provides that the ordinary observer gives the

4  attention that a purchaser usually gives.  As the Court stated in its summary judgment decision, "the

5  ordinary observers that make up a jury would very likely have seen many different designs and be

6  able to assess their relative similarity." SJ Order 27.  As such, an expert's assistance is unlikely to

7  be needed or helpful, and Mr. Riley's misapplication of the law creates a danger of confusing or

8  misleading the jury. This makes his testimony neither relevant nor reliable.

9        Accordingly, Mr. Riley's testimony and opinions on the design patent infringement shall be

10 excluded.

## V.  CONCLUSION

12       For the foregoing reasons, the Court GRANTS Inventist's motion to exclude Mr. Donald L.

13 Riley, ECF No. 167.

14       DATED this 7th day of June, 2023.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
U.S. District Court Judge