The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INVENTIST, INC.,

Plaintiff,

v.

NINEBOT, INC., *et al.*,

Defendants.

NO. 16-cv-5688

**ORDER GRANTING IN PART AND DENYING IN PART INVENTIST, INC.'S RENEWED MOTION TO EXCLUDE DR. STAN V. SMITH**

## I.    INTRODUCTION

Currently pending before the Court is Plaintiff's motion in limine to exclude the testimony of Dr. Stan V. Smith as a rebuttal damages expert.  ECF No. 165.  Defendants opposed the motion, and Plaintiff filed a reply.  The Court held a telephonic hearing with the parties on June 27, 2023. Having reviewed the parties' briefs, the record of the case, and the relevant legal authorities, the Court will grant in part and deny in part Plaintiff's motion and set limitations to the scope of Dr. Smith's testimony.  The reasoning for the Court's decision follows.

ORDER GRANTING IN PART AND DENYING IN PART INVENTIST, INC.'S RENEWED MOTION TO EXCLUDE DR. STAN V. SMITH

- 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## II.      BACKGROUND[1]

Plaintiff Inventist sued Defendant Ninebot, Inc. and its affiliated companies alleging infringement of U.S. Patent No. 8,807250 (the "'250 Patent"), and U.S. Design Patent Nos. D729698 (the "'698 patent") and D673081 (the "'081 patent"). By the Court's Order on the parties' motions for summary judgment, the Court held that Ninebot's first-generation products infringe the '250 Patent, but Ninebot's second and third generation products do not infringe the '250 Patent.  SJ Order, ECF No. 154. The Court struck Ninebot's invalidity defenses. *Id.* The Court also held that infringement of the design patents will be a question for the jury to decide. *Id.* After ruling on the summary judgment motions, the Court struck as moot Inventists' motions to exclude the testimony of Defendant's experts "with leave to re-file and re-brief the motions in light of the Court's summary judgment order."  ECF No. 155. By separate order, the Court granted Inventist's motion to exclude Mr. Donald L. Riley from offering his opinions on design patent infringement. *See* ECF No. 185. Now pending is Inventist's remaining motion in limine, which seeks to exclude Ninebot's expert's testimony offered to rebut Inventist's expert on damages, Glenn Perdue.

## III.      LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). By ruling in limine, the court "gives counsel advance notice of the scope of certain evidence" before trial. *Id.* at 1111-12. However, a motion in limine should not be used to resolve factual disputes or

---

[1] Because the parties are quite familiar with the background of this case, the court provides only a brief background to aid in understanding its decision on this issue. For more detail, *see* Order Granting Plaintiff's Motion for Summary Judgment; Granting in Part and Denying in Part Defendant's Motion for Summary Judgment; Denying in Part Defendant's Motion in Limine, ECF No. 154.

ORDER GRANTING IN PART AND DENYING IN PART INVENTIST, INC.'S RENEWED MOTION TO EXCLUDE DR. STAN V. SMITH

1  weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008);

2  *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001). Evidence should be excluded

3  pursuant to a motion in limine only when it is "inadmissible on all potential grounds." *Ind. Ins. Co.*

4  *v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

5  ## IV.    DISCUSSION

6  Federal Rule of Evidence ("FRE") 702 requires trial courts to ensure that expert testimony

7  is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial

8  courts "have considerable leeway in deciding in a particular case how to go about determining

9  whether particular expert testimony is reliable." *Id.* at 152. The proponent of an expert's testimony

10  bears the burden of demonstrating that the testimony is admissible. *Lust v. Merrell Dow Pharms.,*

11  *Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S.

12  579, 592 n.10 (1993) (noting that the party offering expert testimony bears the burden of proving

13  admissibility by a preponderance of the evidence).

14  FRE 702 provides that "a witness who is qualified as an expert by knowledge, skill,

15  experience, training, or education may testify in the form of an opinion or otherwise if: (a) the

16  expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand

17  the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data;

18  (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably

19  applied the principles and methods to the facts of the case."

20  Ninebot intends to offer Dr. Smith's testimony to rebut Inventist's expert on damages.

21  Inventist has not questioned Dr. Smith's qualifications to opine on damages but argues that Dr.

22  Smith be prohibited from offering any opinions on infringement. Ninebot assured the Court that it

23
24  ORDER GRANTING IN PART AND DENYING IN PART INVENTIST, INC.'S RENEWED MOTION TO
    EXCLUDE DR. STAN V. SMITH

25

1    does not intend to offer any infringement opinions through Dr. Smith.  Therefore, Dr. Smith's

2    testimony will be limited to the issue of damages.

3         Inventist also contends that Dr. Smith did not properly identify the facts or data that he

4    considered in forming his damages opinion, in violation of Federal Rule of Civil Procedure 26,

5    which sets out the elements that an expert's written report "must contain," including "the facts or

6    data considered by the witness in forming" his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii).  Ninebot

7    explained that Dr. Smith will offer six specific criticisms of Mr. Perdue's damages for that report.

8    Dr. Smith relied primarily on Mr. Perdue's expert report and attachments thereto.   In his disclosure

9    statement, Dr. Smith described the materials he considered as follows:

> A list of websites and URLs considered as to the existence
> of non-infringing alternatives is attached as Exhibit D which shows
> several models and brands of SBUs that lack any leg contact
> surfaces protruding from the round wheel covers.  Other materials
> relied upon are discussed in Exhibit C [the report].  Dr. Smith has
> also reviewed the Shane Chen deposition and exhibits and the
> materials referenced in the expert report and disclosure of
> Inventist's damages expert, Mr. Perdue.

ECF No. 120-1, at 4-5.[2]

     To the extent that Dr. Smith is providing rebuttal testimony and is relying on Plaintiff's

expert report and on Mr. Chen's deposition and attachments, with which Plaintiff is completely

familiar, Dr. Smith's rebuttal testimony is sufficiently identified and will be permitted. The scope

of his testimony is limited to contradicting or rebutting evidence on damages identified by Mr.

Perdue.

---

[2] In Dr. Smith's report, he also included a table on page 13 that compares unicycle attributes, such as speed, battery range, and warranty, to which he cites the source as Eridehero.com.  Smith Report, ECF No. 121 (sealed), at 13. The website contains reviews of electric personal transportation, including unicycles.  *See* https://eridehero.com/ (last visited June 28, 2023).  This source citation is similar to that which Mr. Perdue cited in his report, and the information provided in Dr. Smith's report is available directly from the website without inordinate searching required.

ORDER GRANTING IN PART AND DENYING IN PART INVENTIST, INC.'S RENEWED MOTION TO
EXCLUDE DR. STAN V. SMITH

- 4

1         Ninebot has indicated that Dr. Smith's testimony might expand to reference information

2 contained in the websites cited in his report's attachments.   Inventist offered a comparison of the

3 entire content of the website URLs to that which was contained in Dr. Smith's Exhibit D.  *See* Mot.

4 5 (comparing ECF No. 120-1 at 43-48 to ECF No. 120-1 at 93-150).  Inventist argues that it cannot

5 determine what parts of the websites Dr. Smith reviewed and relied on based on his disclosure.

6 Mot. 5; Reply 3.  The provision of a URL is insufficiently narrow for Inventist to know what

7 specifically Dr. Smith reviewed, and when he was questioned during discovery, Dr. Smith was

8 either unable or unwilling to provide any more detailed facts and data contained in the websites on

9 which he bases his testimony (other than the few pages included in his exhibit).  This level of

10 disclosure does not comport with Rule 26.  Therefore, Dr. Smith shall limit his testimony to refer

11 only to the actual pages provided in Exhibit D, and reference to information contained elsewhere

12 in those websites is prohibited.

13         Accordingly, Plaintiff's motion is granted to the extent that Dr. Smith is not permitted to

14 testify regarding infringement, his testimony is limited to rebutting Mr. Perdue's expert report and

15 testimony, and any reference to his Exhibit D websites shall be limited to only the pages he provided

16 in the exhibit.[3]  Otherwise, Plaintiff's motion to exclude Dr. Smith's testimony is denied.

17

18

19

20

21

22

---

[3] If Inventist can identify any other specific concerns regarding unsourced or unidentified references in Dr. Smith's report, it may be raised for review at the scheduled pretrial conference.

23

ORDER GRANTING IN PART AND DENYING IN PART INVENTIST, INC.'S RENEWED MOTION TO EXCLUDE DR. STAN V. SMITH

24

25   - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## V.      CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Inventist's motion to exclude Dr. Stan V. Smith, ECF No. 165.

DATED this 28th day of June, 2023.


_____
Barbara Jacobs Rothstein
U.S. District Court Judge