The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INVENTIST, INC.,

Plaintiff,

v.

NINEBOT, INC., *et al.*,

Defendants.

NO. 16-cv-5688

**ORDER RE MARKING ISSUE**

Pending before the Court are the parties' briefs regarding the marking legal issue discussed during the pretrial conference held on July 25, 2023. ECF Nos. 200, 201. Having reviewed the parties' briefs, the record of the case, and the relevant legal authorities, the Court rules that Ninebot is not precluded from arguing that it did not have constructive notice prior to the filing of the lawsuit for the purpose of limiting its damages for infringement.

Under 35 U.S.C. § 287(a), a patentee must have provided notice to an infringer to recover damages:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the

ORDER RE MARKING ISSUE

- 1

> Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

The Federal Circuit has held that "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). "The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Id.* at 1366 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). "Compliance with section 287(a) is a question of fact." *Maxwell*, 86 F.3d at 1111.

Ninebot asserts that it has identified unmarked products with respect to both the utility patent and the design patent. *See* Joint Pretrial Statement 11, ECF No. 174; Second Joint Pretrial Statement 9, 15, ECF No. 197. Inventist contends that Ninebot has not satisfied the burden of production on the marking requirement because it did not timely identify these products, having waited until April 2023, after discovery had closed. Joint Pretrial Statement 12; Second Joint Pretrial Statement 8-9, 16. Ninebot argues that Inventist has not been prejudiced by the timing of its disclosure since the identification of products does not rely on new undisclosed evidence, and the evidence of marking is within Inventist's control. Def.'s Brief 2, ECF No. 201. Inventist asserts that it has been prejudiced because Ninebot's arguments rest not only on Inventist's own products but also on the products of third-party licensees. Pl.'s Brief 3, ECF No. 200.

As stated in *Artic Cat*, Ninebot's burden of production "is a low bar." 876 F.3d at 1368. Further, section 287 is a limitation on damages, and not an affirmative defense. *Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed. Cir. 1984). Although Ninebot provides no justification for waiting to identify these products to Inventist, there appears to be no prejudice to Inventist from the timing of the disclosure, at least with respect to Inventist's own products. And Inventist asserts that there is no factual dispute that were no licenses at the time the Complaint was filed, at which time Ninebot was put on actual notice of infringement.[1] Second Joint Pretrial Statement 9. Indeed, as argued by Inventist, the issue of when Ninebot had notice is an issue of fact for the jury, and the parties provided a joint jury instruction on the issue. *See* Joint Pretrial Statement at 12, 56 (Joint Jury Instruction No. 33). Inventist appears to have already accepted its burden to prove the date it first notified Ninebot of its claim for patent infringement, whether through actual notice or constructive notice by marking. Inventist has also already supplemented its list of exhibits to include evidence of marking of its Solowheel products. Second Joint Pretrial Statement 29.

Therefore, the Court will not preclude Ninebot from arguing that it did not have constructive notice prior to the filing of the lawsuit for the purpose of limiting its damages for infringement.

DATED this 31st day of July 2023.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] The Complaint, asserting infringement of the utility patent, was filed on August 4, 2016 and the Amended Complaint, adding assertions of design patent infringement, was filed March 7, 2018. ECF Nos. 1, 38. It appears that Inventist began licensing its products in 2017. *See* Summary Judgment Decision 24, ECF No. 154.

ORDER RE MARKING ISSUE
- 3