The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INVENTIST, INC., *et al.*,

    Plaintiffs,

v.

NINEBOT, INC., *et al.*,

    Defendants.

NO. 16-cv-5688

**ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL**

## I.     INTRODUCTION

Plaintiffs sued Defendants for patent infringement in August 2016. The case proceeded to trial in August 2023, and a jury awarded Plaintiffs lost profits and royalty damages totaling $864,813. Defendants have appealed the jury's award as well as all the Court's adverse rulings during the pendency of this case. Currently pending before the Court is Defendants' Motion for a New Trial Pursuant to Fed. R. Civ. P. 59 with Respect to Marking Under 35 U.S.C. § 287(a), ECF No. 230.[1] Plaintiffs oppose the motion, ECF No. 247, and Defendants have filed a reply, ECF No. 249. Having reviewed the materials, the record of the case, and the relevant legal authorities, the Court will DENY Defendants' motion. The reasoning for the Court's decision follows.

---

[1] Plaintiffs' motions for interest, attorney's fees, and costs, are deferred pending appeal.

ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL

- 1

## II.  BACKGROUND[2]

Plaintiff Inventist, Inc. sued Defendant Ninebot, Inc. and its affiliated companies alleging infringement of U.S. Patent No. 8,807,250 (the "'250 Patent"), and U.S. Design Patent Nos. D729698 (the "'698 patent") and D673081 (the "'081 patent"). By the Court's Order on the parties' motions for summary judgment, the Court held that Ninebot's first-generation products infringe the '250 Patent, but Ninebot's second and third generation products do not infringe the '250 Patent. SJ Order, ECF No. 154. The Court struck Ninebot's invalidity defenses. *Id.* The Court also held that infringement of the design patents, as well as the nature and extent of damages from Ninebot's utility patent infringement, were questions for the jury to decide. *Id.*

After the close of discovery, in preparation for trial, the parties submitted a joint pretrial statement, in which Ninebot raised, for the first time, its argument that damages should be limited due to lack of marking. *See* Joint Pretrial Statement 11, ECF No. 174; *see also* Second Joint Pretrial Statement 9, 15, ECF No. 197.  The Court ordered supplemental briefing on the issue and ruled that Ninebot would not be precluded from arguing to the jury that it did not have constructive notice prior to the filing of the lawsuit. Order re Marking, ECF No. 202.

After a three-day trial, the jury awarded Inventist lost profits of $835,220 and royalty damages of $29,593 on the '250 utility patent. Verdict, ECF No. 214. The jury found that Ninebot did not infringe the '081 design patent.[3] *Id.*  Ninebot now seeks a new trial on the limited issue of

---

[2] Because the parties are quite familiar with the background of this case, the court provides only a brief background to aid in understanding its decision on this issue. For more detail, *see* Order Granting Plaintiff's Motion for Summary Judgment; Granting in Part and Denying in Part Defendant's Motion for Summary Judgment; Denying in Part Defendant's Motion in Limine, ECF No. 154.

[3] Before the case was submitted to the jury, Plaintiffs withdrew their claim related to the '698 design patent. *See* Trial Tr. 285, Aug. 15, 2023, ECF No. 244.

ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL
- 2

1 marking, arguing that the jury's damage award was not supported by substantial evidence that

2 Inventist complied with pre-suit notice requirements. Defs.' Mot., ECF No. 230.

### III. LEGAL STANDARD

A "Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). Under Rule 59, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Given that the rule "does not specify the grounds on which a motion for a new trial may be granted," courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Such grounds "include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

Under Rule 59, the district court "is not required to view the trial evidence in the light most favorable to the verdict, [but] can weigh the evidence and assess the credibility of the witnesses." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014). The existence of substantial evidence does not prevent a court from granting a motion for a new trial if the verdict is against the clear weight of the evidence. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). However, a district court may not grant or deny a new trial merely because it would have arrived at a different verdict. *Wilhelm v. Associated Container Transp. (Austl.) Ltd.*, 648 F.2d 1197, 1198 (9th Cir. 1981). "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or

ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL
- 3

perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

## IV.   DISCUSSION

Ninebot contends that Inventist failed to present evidence to support the jury's implicit finding that Inventist complied with the notice required under 35 U.S.C. § 287. Under 35 U.S.C. § 287(a), a patentee must have provided notice to an infringer to recover damages:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent . . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

In sum, "the statute defines that [a patentee] is entitled to damages from the time when it either began marking its product in compliance with section 287(a)[, constructive notice,] or when it actually notified [the accused infringer] of its infringement, whichever was earlier." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (citation omitted). The Federal Circuit has construed section 287(a) as requiring that where a patentee uses the patented invention, marking must be "substantially consistent and continuous." *Id.* (holding that marking requirement was satisfied even though some of the product sold by licensees was not marked). "Compliance with section 287(a) is a question of fact." *Id.*

Ninebot asserts that the jury awarded damages for infringement that occurred before the lawsuit was initiated, so the jury implicitly found that Inventist either marked its products or

ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL
- 4

provided pre-suit notice. Defs.' Mot. 5. Inventist agrees. Opp'n 5, ECF No. 247. Ninebot argues that such a finding is against the weight of evidence, and further argues that it was prejudiced by the Court's evidentiary ruling that disallowed examination of Shane Chen regarding his agreement with a third party, First Wheel Management Ltd. *Id.*

### A. The jury's verdict is consistent with the evidence

As patentee, Inventist had the burden of proving that it complied with the marking requirements. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). At trial, Inventist submitted photographic evidence of the Solowheel Xtreme, showing the identification plate with the '250 patent marking on the unicycle as well as on the shipping box. Trial Tr. 56, Aug. 14, 2023, ECF No. 243 (discussing Plaintiffs' Exhibits 80, 81). Mr. Chen testified that after the patent was issued in 2014, Inventist put the patent number on the products it manufactured. *Id.* He clarified that although the photograph was of only one example product, the patent was marked on all Solowheel products. *Id.* at 58. Under cross-examination, Mr. Chen testified that the products were marked "Patent Pending" before the patent issued, and once the patent issued, the marking was changed to the patent number. *Id.* at 77. He did not recall if "Patent Pending" was marked on the product itself or only on the shipping box. *Id.* at 83. Inventist did not have photographic evidence showing marking of the earlier Solowheel Classic model, and Mr. Chen did not know if there were any Solowheel Classic models remaining in stock nor if third-party licensees had marked their versions of the product. *Id.* at 84-87. The next day under cross-examination, Mr. Chen identified two physical unicycles provided by Ninebot as Solowheel Classic models that did not have either the utility or design patent marking. Trial Tr. 131-32, Aug. 15, 2023, ECF No. 244. There was no evidence regarding the age of the physical unicycles provided by Ninebot nor whether they were manufactured before or after the patent issued. Inventist explained

to the jury that no products could legally be marked prior to the patent's issuance. Trial Tr. 455, Aug. 16, 2023, ECF No. 245. On redirect, Mr. Chen explained that he didn't have pictures of older models because Ninebot had only raised the issue of marking within the past few months. Trial Tr. 157-58, Aug. 15, 2023.

Mr. Chen also testified on cross-examination that he thought a cease-and-desist letter had been sent to Ninebot before the lawsuit was filed.  Trial Tr. 76, Aug 14., 2023. Consistent with Mr. Chen's testimony, Ninebot's President testified that a cease-and-desist letter had been received by Ninebot. Trial Tr. 314, Aug. 16, 2023. No physical evidence was admitted regarding pre-suit notice nor were any dates of such letters identified.

The Court instructed the jury: "The date that Inventist first notified Ninebot of its claim for patent infringement is the date for the start of damages. The parties do not agree on that date, and it is up to you to determine what that date is." Trial Tr. 431, Aug. 16, 2023, ECF No. 245. The jury was instructed that notice can be provided in either of two ways—by marking substantially all products sold, or by directly notifying Ninebot about the patent and the products alleged to infringe the patent. *Id.* Both parties made clear arguments to the jury regarding the product marking, or lack thereof.

The Court respects the collective wisdom of the jury and its weighing of the evidence and assessment of the witness's credibility. Additionally, upon independently viewing the evidence admitted at trial, although there was only photographic evidence of the Solowheel Xtreme's marking, the Court found Mr. Chen's testimony credible that the products manufactured after the

ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL

- 6

patent's issue were marked with the '250 utility patent.[4] The Court does not find that the jury's verdict is against the clear weight of the evidence.

**B.  Evidentiary ruling**

Ninebot argues that the Court's evidentiary ruling—precluding Ninebot from examining Mr. Chen regarding his agreement with First Wheel Management Ltd.—was prejudicial because it would have undermined Mr. Chen's credibility. Defs.' Mot. 8.  Ninebot stated that it wanted to use the agreement to impeach Mr. Chen and to undermine Inventist's damages calculations. Trial Tr. 98-106, Aug. 14, 2023; Trial Tr. 490, Aug. 16. 2023. The Court considered counsel's arguments and determined that the introduction of evidence regarding a third-party agreement and related litigation was not relevant to this lawsuit and would only cause confusion. The decision to exclude evidence is within the sound discretion of the trial judge and is determined based on its relevance and tendency to mislead or confuse the jury. *See* Fed. R. Evid. 402, 403. Upon review of Ninebot's post-trial proffer of the evidence it wished to introduce, and review of the trial transcripts around the objection to the introduction of the evidence, the Court's view has not changed. *See* ECF Nos. 217, 218; Trial Tr. 490-93, Aug. 16. 2023; Trial Tr. 88-95, 98-106, Aug. 14, 2023.

In sum, upon reviewing in detail the evidence and events at trial, the Court finds that the jury's verdict is consistent with the evidence of record and no evidentiary errors were made that would warrant a new trial. Accordingly, Defendants' motion for a new trial is DENIED.

---

[4] The Court notes that Ninebot did not raise the marking issue until after discovery had closed, and although the Court did not preclude Ninebot from arguing that Inventist failed to provide constructive notice, Ninebot did not convince either the jury or the Court that Inventist's evidence was insufficient.

ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL

- 7

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for a new trial, ECF No. 230.

DATED this 20th day of November, 2023.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL

- 8